Nov. Term,
1856.

MAUZEY
v.
BOWEN.

MAUZEY and Wife *v.* BOWEN.

The payment of a mortgage may be proved by parol.

The record of a mortgage receipted in the margin by an agent of the mortgagee is not objectionable in evidence merely on the ground that the agent had no written power of attorney to enter satisfaction.

The erroneous admission of cumulative evidence on a point already proved, cannot prejudice the case of the party in whose behalf it is admitted.

APPEAL from the *Rush* Circuit Court.

Saturday,
November 29.

STUART, J.—Complaint by *Bowen,* assignee, &c., to foreclose a mortgage. Trial by the Court, and decree for foreclosure. *Mauzey* appeals.

It appears that *Mauzey* had purchased of one *Coleman* a tract of land in *Rush* county. The land had been encumbered by *Coleman,* prior to this purchase, by a mortgage to one *Harlan* for 800 dollars. The mortgage executed by *Mauzey* and wife, was to secure the payment of 2,700 dollars. It was expressly stipulated that if *Coleman* failed to pay the mortgage to *Harlan,* then the amount of the mortgage to *Harlan* should be deducted as a credit from the mortgage of *Mauzey* to *Coleman.* The 2,700 dollars was divided into two payments; one of 1,350 dollars, due *April* 1, 1854, and the other of the same amount, due *March* 1, 1855.

Decree for the first, deducting credits; and contingently for the second installment, in case *Mauzey* failed to pay at maturity, in pursuance of the provisions of the new statute. 2 R. S. p. 176. There is no objection made to the opinion of the Court in this respect.

But a bill of exceptions discloses that at the hearing the plaintiff was permitted to prove by parol, over the defendant's objection, that the *Coleman* mortgage to *Harlan* was paid.

There was no error in this (1).

The bill of exceptions further discloses, that the record of the *Harlan* mortgage, receipted on the margin by one *Gregg,* as the agent of *Harlan,* was also intro-

duced over the objection of *Mauzey*. The only ground of objection was that *Gregg* had no written power of attorney to act as the agent of *Harlan*.

It may be that this evidence was improperly admitted for other reasons; but not for that given. Had the record of the mortgage and the marginal receipt been in other respects admissible, no objection could be taken, in that form, at least, to the relations subsisting between *Harlan* and his agent (2).

But even if the Court erred in this particular, the judgment should not be reversed. For the payment of *Coleman's* mortgage was alleged in the complaint, and already well proved by parol. The erroneous admission of cumulative evidence on a point already proved, could not prejudice the defense. That part of the evidence might well be stricken out, and still enough remain to support the finding of the Court.

But it may be doubted whether *Mauzey*—seeing that he made no motion for a new trial, that the evidence is not all in the record, neither is there a case made under section 347, 2 R. S. p. 116—is in a position to avail himself of any erroneous ruling of the Court below.

As the record is made up, the judgment is correct, and must be sustained.

*Per Curiam.*—The judgment is affirmed with costs, and as to the decree on the note that was due at the time the suit was brought, 3 per cent. damages.

*L. H. Thomas*, for the appellants.

*A. W. Hubbard* and *L. W. Sexton*, for the appellee.

(1) "Both in law and equity parol evidence is admissible of the discharge of a mortgage-debt, and thereby of the mortgage itself." 1 Hilliard on Mortg. 475, s. 50. The authorities cited in support of the text are, *Richards* v. *Tims*, Barn. 90; 1 Pow. 143, a; *Wentz* v. *Dehaven*, 1 S. and R. 312; *Den* v. *Spinning*, 1 Halst. 471; *Harrison* v. *Eldredge*, 2 *id.* 407; *Morgan* v. *Davis*, 2 H. and McH. 9; *Ackla* v. *Ackla*, 6 Barr, 228.

BELL, J., in *Ackla* v. *Ackla*, said: "A mortgage being considered and treated merely as a security for the payment of money, or the performance of some other act, is simply a chose in action extinguishable by a parol release, which equity will execute as an agreement not to sue, or by turning the mortgagee into a trustee for the mortgagor; provided

it proceeds upon a sufficient consideration. Such a release or agreement may be established presumptively, by showing declarations and acts of the parties inconsistent with an averment of the continued existence of the mortgage, and repugnant to the rights and liabilities created by it, as well as by express proof."

(2) Touching the entry of satisfaction on the margin of the record, see 1 Hilliard on Mortg. 487, note.