Rigsbee *v.* Trees et al.

————————◆◆◆————————

RIGSBEE *v.* TREES *et al.*

CORRECTION OF CONTRACT—PRACTICE.—Under the provisions of § 71, 2 G. & H. 98, a mistake in a promissory note, in the amount for which the same is given, may be reformed, and judgment rendered for the amount due upon the note as reformed, in one and the same action

APPEAL from the *Shelby* Circuit Court.

DAVISON, J.—The appellees, who were the plaintiffs, sued *Rigsbee*, alleging in their complaint that the plaintiffs are the surviving partners of the late firm of *Jacob Mull & Co.*, and that on *January* 1, 1861, the defendant executed to said firm a promissory note in this form :

"$271.39.              *Manilla, Indiana, January* 1, 1861.

"One day after date I promise to pay to the order of *Jacob Mull & Co.*, 239 dollars and 39 cents, value received, without any relief whatever from appraisement laws.

"ANDREW J. RIGSBEE."

That in drafting said note a mistake occurred in the written portion of it in this, that the note is made to read "239

dollars and 39 cents," when it should have read, "271 dollars and 39 cents," and that the mistake was not discovered by the plaintiffs until the note was taken to and left with their attorney for suit; that the firm of *Jacob Mull & Co.* consisted of the plaintiffs and *Jacob Mull*, who died at *Rush* county in this State, on *May* 15th, 1861, intestate, leaving the plaintiffs his surviving partners; and that the note is due and remains wholly unpaid. Wherefore the plaintiffs demand judgment for the correction of the mistake, and for 300 dollars, and for other proper relief, &c.

Proper issues having been made, the cause was submitted to the Court, who found that the note was executed on the 1st of *January*, 1861; that it was intended and meant to be for 271 dollars and 39 cents, and the Court also found for the plaintiffs 292 dollars and 17 cents; and, thereupon, rendered final judgment as follows: "It is, therefore, considered by the Court that the plaintiffs do recover of the defendant the said 292 dollars and 17 cents, so found as aforesaid, together with their costs, &c."

Defendant moved for a new trial on two grounds: 1. The judgment is not sustained by the evidence. 2. It is contrary to law; but his motion was overruled and he excepted.

This decision is said to be erroneous; because, as is alleged, the Court had no authority to reform the note in the mode indicated in the proceedings. The code says: "When the plaintiff desires to correct mistakes in title papers, or other instruments of writing, a separate action may be brought therefor, or mistakes in such title papers or other instruments of writing may be corrected in any other action, when such correction would be essential to a complete remedy." 2 R. S. p. 43, sec. 71. Promissory notes are very clearly embraced within the phrase, "instruments of writing," as used in this provision, and, under it, may be corrected; but it is insisted that the Court should have first entered up a judgment re-

forming the note, and then have allowed it, as reformed, to be given in evidence on the trial.   We perceive no valid reason for that precise mode of practice, neither the letter nor spirit of the statute requires it.   It is enough if the Court, as in this instance, find the mistake and correct it, and then render a final judgment in the case in accordance with such finding.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*M. M. Ray* and *B. F. Davis,* for the appellant.

*Davis, Wright & Green,* for the appellees.