## CASSEL *v.* CASSEL.

MORTGAGE.—MOTION TO SET ASIDE DECREE.—*A mortgage was given to secure money payable in instalments at different periods, and in a suit for foreclosure after one only of the instalments had become due, the court ordered a sale of the whole of the mortgaged premises to satisfy all the instalments, without having ascertained whether the premises were divisible. Motion, for this reason, after the lapse of two years, to set aside the order.*

*Held*, that the motion, if in any view admissible, came too late.

APPEAL from the *Whitley* Common Pleas.

ELLIOTT, J.—Suit by *Daniel Cassel*, the appellee, against the appellant, *Samuel Cassel*, to foreclose a mortgage given by the latter to the former on an "undivided one-third part of a portable steam circular saw mill," and one undivided third of a lease of the land on which the saw mill was situated, to secure the payment of four several promissory notes, amounting in the aggregate to the sum of $640. Process was duly served on the defendant more than ten days before the first day of the term of the court at which the cause was pending, but, failing to appear, a default was taken against him. The cause was submitted to the court upon the default, and the court found that there was then

due to the plaintiff on the notes secured by the mortgage the sum of $376 21, and that there would become due on the 1st day of *September*, 1863, the further sum of $125; and on the 1st day of *September*, 1864, the further sum of $126, with interest on the last instalment from the 15th day of *April*, 1862, and rendered a judgment for the amount due at the date thereof, and for a foreclosure of the mortgage and sale of the undivided one-third of the saw mill, and the leasehold premises on which it was situated, "to satisfy said sum of $376 21, so found due as aforesaid," and costs of suit; and that any surplus remaining be applied to the installments not then due. There was no finding by the court as to the divisibility of the property.

At a subsequent term the defendant moved the court to set aside the order for the sale of the mortgaged property, for the following reasons:

1. "The order of sale is not supported by the finding.

2. "The order directs the sale of the entire mortgaged premises for the payment of the entire sum secured by the mortgage, a large part of which was not then due, without having first found that the mortgaged premises could not be divided and sold in parcels without injury to the same."

The plaintiff appeared to and resisted the motion. The court, on the hearing, refused to set aside the entire order of sale, but set aside all that part of the judgment and order of sale relating to the instalments not due at the date of the judgment, leaving the judgment for the sum then due, and for a foreclosure and sale of the mortgaged property for the payment thereof, in force. To this order of the court the defendant excepted, and appeals to this court.

There is no error presented by the record of which the appellant can avail himself in this appeal.

The judgment of foreclosure was rendered *October*, 21, 1862. The motion to set aside the order of sale, &c., was in writing. It does not very clearly appear from the record at what time it was filed, but there is nothing in the record from which even an inference can be drawn that

it was filed prior to the *October* term, 1864, of said court. It was presented to the court, and disposed of, at the *March* term, 1865. It was not a complaint for review, under the statute, but simply a motion to set aside the order of sale. If it could have been properly made at any time, it must have been founded on the latter clause of section 99 of the code, whch authorizes the court, at any time within one year, to relieve a party from a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect, and to supply an omission in any proceeding." Here, the motion was not even made for at least two years after the judgment was rendered. This was too late.

It will be observed that this was but a chattel mortgage, and we do not decide that in such a case it would be the duty of the court to ascertain or find whether the property was divisible, before ordering a sale. Nor do we hold that if the motion had been made in proper time, and in reference to a judgment which was erroneous, for the reason stated, that the order of the court striking out from the judgment and order of sale all that related to the instalments not due, would have constituted any error of which the mortgagor could complain. Upon these points we decide nothing.

The judgment is affirmed, with costs.

*L. M. Ninde* and *R. S. Taylor*, for appellant.

*J. L. Worden* and *J. Morris*, for appellee.