*J. E. McDonald, A. L. Roache,* and *C. Doane,* for appellant.

———————

## CONGER *v.* PARKER.

PLEADING.—An answer directed to the whole cause of action, which is a bar to but part thereof, is bad, on demurrer.

MISTAKE.—PLEADING.—Where an answer is pleaded setting up a mistake in the written contract declared on, the pleading should ask affirmative relief, as in a cross bill, that the instrument be reformed, &c., and that when so reformed, it be allowed as a bar to the action.

APPEAL from the *Fulton* Common Pleas.

FRAZER, J.—The complaint alleges a conveyance by a deed, with the usual covenants, of a certain tract of land by the defendant to the plaintiff; that at the time of the conveyance there were upon the land growing crops, to-wit: wheat of the value of $300; apples of the value of $50; clover of the value of $100; and rails for the use of the farm and in fences, all of which the defendant took and converted to his own use. To this the defendant answered, as a defense to the whole action, that by the contract actually made, and intended by the parties to be embodied in the deed, the wheat was reserved to the defendant, but by mistake of the conveyancer, the reservation thereof was omitted, and not inserted in the deed. A demurrer to this answer, for the want of sufficient facts, was overruled, and this presents the only question before us needing particular notice.

The answer was clearly bad. It professed to answer the whole complaint, and yet, at best, it only answered a part.

As to the clover, apples, fences and rails, it was wholly silent in everything that would even tend to preclude a recovery therefor. But the answer is bad for another reason. When a mistake in a deed or written instrument is relied on, the pleading should go further than in this case it did. It should have prayed affirmative relief; that the instrument be reformed so as to show the contract intended to have been embodied in it, and that when so reformed it might be allowed as a bar to the suit, or so much thereof as it would bar. This might be done by an answer in the nature of a cross bill in equity. It is not, under the code, necessary to bring an independent suit for the purpose, as it was formerly, when the original suit was at law.

*Rigsbee* v. *Trees*, 21 Ind. 227, is not in conflict with our present ruling. That was a suit to correct a mistake in a promissory note as to the amount thereof, and for judgment on the note when so corrected. The court found the mistake as alleged, and without first formally correcting the note, rendered a judgment for the true amount. It was merely held that the formal omission was not error available to the defendant in that case.

There was a third paragraph of the answer, the demurrer to which was also overruled. This paragraph is so utterly worthless that the appellee says nothing in its favor, and nothing can be said. It doubtless escaped the attention both of the counsel and of the learned judge who tried the cause below that there was a demurrer to it.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the demurrers to the second and third paragraphs of the answer.

*D. P. Baldwin,* for appellant.

*R. E. Harrison* and *E. W. Kimball,* for appellee.