## KNARR *v.* CONAWAY ET AL.

FORECLOSURE.—*Agreement to Release.*—*Reformation of Instrument.*—To a suit to foreclose a mortgage upon different pieces of real property, one of the defendants answered that he had purchased one piece of the property mortgaged from his co-defendant, the mortgagor; and in consideration of the payment of a certain sum to the plaintiffs by this defendant, the plaintiffs were to release the land from the mortgage, and the plaintiff G., for himself, signed the deed conveying the property, but by mistake failed to sign also, as had been agreed, for his sisters, his co-plaintiffs, whose agent he was. A reformation of the deed was asked.

*Held*, on demurrer, that the facts entitled the defendant to a reformation of the deed, but that such reformation was not necessary to defeat the suit as to the land conveyed.

PLEADING.—*Paragraph.*—Each paragraph of an answer must be complete in itself, and a failure to describe the piece of land sought to be released from the lien of a mortgage would be a fatal defect in such paragraph.

MORTGAGE.— *Waste.*—*Duty of Mortgagee and Purchaser.*—It is not the duty of either a mortgagee or the purchaser of the equity of redemption of a part of the property mortgaged, although it is his right, to enjoin the committing of waste; and the failure so to do furnishes no ground for requiring an account from the mortgagee, at the instance of such purchaser, and a credit upon the mortgage debt of the amount of waste committed upon other pieces of property included in the mortgage.

PRACTICE.—*Change of Venue.*—*Rule of Court.*—Unless a rule of court limiting the time for making application for a change of venue be made a part of the record, this court cannot on appeal notice the existence of such a rule.

DECREE—*Form of.*— *Judicial Sale.*—A decree giving the plaintiff the right to direct the sale of different pieces of property, on foreclosure, is erroneous. The court should direct the order of sale in the decree.

APPEAL from the Ripley Circuit Court.

BUSKIRK, J.—This was an action by the appellees against Louis Freyer, Katharina Freyer, John H. Wenkle, and the appellant. The purpose of the action was to obtain a foreclosure of a mortgage executed by Louis Freyer and wife to the appellees; and John H. Wenkle and appellant were made defendants, because they claimed some interest in the lands mortgaged, and they were required to set up such interest.

All of the defendants, except the appellant, made default. The appellant filed an answer consisting of seven paragraphs.

A demurrer was sustained to the second, fifth, and seventh paragraphs, and an exception was taken.

Issue was joined on the other paragraphs. The appellant moved the court for a change of venue from the judge on account of his bias and prejudice. The motion was overruled, and the question was reserved by a bill of exceptions.

There was a trial by the court, a finding for the plaintiffs against the appellant, an assessment of damages against Freyer and wife, and a foreclosure of the mortgage. In the decree, the court ordered that the lands described in the complaint should be sold in parcels as the plaintiffs might direct, to which the appellant excepted.

The appellant's motion for a new trial was overruled, and an exception was taken. The other defendants were duly notified of this appeal.

The appellant has assigned the following errors:

1. That the court erred in sustaining the demurrer to the second, fifth, and seventh paragraphs of the answer.

2. In overruling the motion for a change of venue.

3. In overruling the motion for a new trial.

4. In decreeing that the lands mortgaged should be sold in parcels as the plaintiffs might direct.

The first question presented for our decision is, whether the court erred in sustaining the demurrer to either the second, fifth, or seventh paragraphs of the answer.

The second paragraph of the answer and the exhibit filed therewith read as follows:

"2d Par. For further answer, defendant says that he is the owner, by purchase from Louis Freyer and wife, for a valuable consideration, of the south-west quarter of the north-east quarter of section twenty-four, township ten, north of range twelve east, containing forty acres, being one of the tracts of land described in said mortgage. A copy of the deed from Freyer and wife to this defendant is filed herewith, marked exhibit A; that said plaintiffs, in consideration of the sum of seven hundred and ninety-one dollars to them by said defendant paid, agreed to release said tract of land from

the lien of said mortgage, and, in pursuance of said agreement, said George Conaway, for himself and as the duly and legally authorized agent of his sisters, his co-plaintiffs, Jane and Fulvia Conaway, signed said deed, for the purpose of releasing said tract of land from the lien of the mortgage in plaintiffs' complaint mentioned; that by mistake said George Conaway neglected to sign said deed as the agent of said Jane and Fulvia.

" Wherefore defendant demands judgment for the reformation of said deed and that said mortgage, as to the tract of land herein described, may be declared satisfied, and for costs."

The deed filed with the above answer was in the statutory form of a warranty deed, for the above described tract of land; the consideration was stated to be twelve hundred dollars. The deed was signed by Louis Freyer, Katharina Freyer, and G. F. Conaway, and was dated July 13th, 1868.

The mortgage from Freyer and wife to the appellees was executed the 24th of December, 1867.

The fifth paragraph of the answer was as follows:

" 5th Par. For further answer defendant says that said Jane and Fulvia Conaway sold and transferred to said George Conaway all their interest in said notes, and that afterward the said George Conaway, in consideration of the sum of seven hundred and ninety-one dollars, to him paid by defendant, agreed to release the lien of said mortgage on said tract of land hereinbefore described; wherefore," etc.

The seventh paragraph of the answer was as follows:

" 7th Par. That Louis Freyer and wife mortgaged the tracts of land, in the mortgage particularly described, to said plaintiffs, to secure the payment of the four notes therein referred to; that said tracts of land were, on the 13th day of July, 1868, worth the sum of four thousand dollars. At which date the said Louis Freyer and wife sold and conveyed to this defendant the south-west quarter of the north-east quarter of section 24, town 10, north of range 12 east, containing 40 acres, of which said plaintiffs had notice, and

to which said sale and conveyance plaintiffs consented and received the consideration therefor, and that said conveyance was upon a valuable consideration ; that at the time of said conveyance the remaining two tracts of land were worth the sum of two thousand eight hundred dollars; and that the condition of said mortgage was at that time broken; and the remaining tracts were amply sufficient to satisfy the same ; that of the consideration paid by defendant to said Louis Freyer for the tract of land conveyed to defendant, the sum of seven hundred and ninety-one dollars was paid to said George, Jane, and Fulvia Conaway, to be credited on the notes secured by said mortgage, and which amount was so credited. And defendant avers that after the sale and conveyance of said forty-acre tract of land by said Louis Freyer and wife to defendant, said plaintiffs permitted said Louis Freyer, John H. Wenkle, and others to enter upon the two tracts of land first in said mortgage described and commit waste by cutting and removing from said tracts of land valuable timber trees, to the amount of fifteen hundred dollars, and took no steps to prevent said waste until said fifteen hundred dollars' worth of trees had been cut and removed. Of all which said George F., Jane, and Fulvia Conaway then and there had notice; and defendant avers that said George was at and during all said time the agent of his co-plaintiffs, who are residents of the State of Ohio, for the collection of said notes and the preserva-tion of said security; and defendant avers that by reason of the plaintiffs' negligence in permitting said waste, said security remaining to plaintiffs has become deteriorated and is not now sufficient to satisfy plaintiffs' mortgage, as defendant is informed.

"Wherefore defendant demands judgment that the said sum of seven hundred and ninety-one dollars may be declared a satisfaction of said mortgage lien on the tract of land purchased by him to that extent, that an account be taken of the extent of the waste permitted by said plaintiffs to be committed on the other two tracts of land included in said

mortgage, and that the amount thereof may be a satisfaction of the mortgage lien of the plaintiffs on defendant's tract of land so far as it is a reduction of the amount of their security upon the other two tracts, and for all other and proper relief; and defendant demands judgment for costs.'

Did the court err in sustaining the demurrer to the second, fifth, and seventh paragraphs of the answer?

The substance of the second paragraph is, that the appellant purchased from Freyer and wife, the mortgagors, one of the tracts of land described in the mortgage; that the mortgagees agreed, in consideration of the sum of seven hundred and ninety-one dollars, paid them by appellant, to release such tract of land from the lien of such mortgage; that George Conaway was the agent of his sisters, his co-mortgagees, and in pursuance of such agreement, signed such deed for the purpose of releasing said tract of land from such lien; and that by mistake he omitted to sign such deed as the agent of his sisters.

In our opinion, the facts stated entitled the appellant to have the instrument so reformed as to express the real agreement of the parties. A mistake in a written instrument may be corrected and judgment rendered in one and the same action. Sec 71 of the code, 2 G. & H. 98; *Rigsbee* v. *Trees*, 21 Ind. 227; *Conger* v. *Parker*, 29 Ind. 380.

We are also of opinion that such paragraph was good without a reformation of the deed. A mortgage is a mere security for a debt. The title to the land remains in the mortgagor. *Francis* v. *Porter*, 7 Ind. 213; 1 Hilliard Mortg. 471, sec. 50.

A mortgage may be released by parol. *Mauzey* v. *Bowen*, 8 Ind. 193, and the authorities cited in notes 1 and 2.

The court erred in sustaining a demurrer to the second paragraph of the answer.

The fifth paragraph of the answer is, in our opinion, bad. Each paragraph of the answer must be complete within itself, and in this paragraph there is nothing showing what tract of land was to be released.

The court committed no error in sustaining the demurrer to this paragraph.

The seventh paragraph presents a question of greater difficulty, and that is, whether, upon the facts stated, it was the duty of the mortgagees to prevent the commission of waste. Although a mortgagor in possession is regarded for most purposes as the owner of the land, and as such entitled to the temporary annual rents and profits; yet, inasmuch as the very purpose of the mortgage would be defeated by any acts affecting the permanent value of the property, no point of law is better settled than that a court of equity will grant an injunction to restrain waste by the mortgagor or those claiming under him, when it is such as may render unsafe the debt secured by the mortgage. And the law is as well settled, that the purchaser of a part of the lands mortgaged may have such injunction, for he stands in the light of a surety of the mortgage debt. 1 Hilliard Mortgages, 206; 2 Story Eq., secs. 914, 915; Eden Injunctions, 205; *Gray* v. *Baldwin*, 8 Blackf. 164; *Johnson* v. *White*, 11 Barb. 194; *Brady* v. *Waldron*, 2 Johns. Ch. 148; *Campbell* v. *Macomb*, 4 Johns. Ch. 534; *Goodman* v. *Kine*, 8 Beavan, 1379; *Hanson* v. *Derby*, 2 Vern. 392; *Farrant* v. *Lovel*, 3 Atkyns, 723.

But we have been unable, after a thorough and diligent search, to find any authority holding that it was the duty of either the mortgagee or purchaser of the equity of redemption of a part of the lands mortgaged to enjoin the committing of waste, or that the failure of the mortgagee to enjoin the commission of any acts affecting the permanent value of the property mortgaged would release from the mortgage the property so purchased. It results that the appellant and appellees having permitted the waste by the mortgagor, the lands purchased by the appellant are subject to the mortgage, and that he cannot have an account taken of the depreciation in the value of the other lands embraced in the mortgage, and treat the same as a satisfaction *pro tanto* of the mortgage.

We are of opinion that the court committed no error in

sustaining the demurrer to this paragraph of the answer.

Did the court err in overruling the application for a change of venue? The affidavit fully complied with all the requirements of the statute. Counsel for appellees insist that the court correctly refused to change the venue, because, under a rule of court, the application was made too late. No such question arises in the record. The rule of court relied upon is not made a part of the record, the only reference thereto being in the brief of counsel for appellees. We cannot take judicial notice of the rules of practice adopted by the lower courts. In the absence of any rule prescribing the time within which an application for a change of venue must be made, we must be governed by the statute, and by the statute the appellant was entitled to a change of venue. *Galloway* v. *The State*, 29 Ind. 442.

The judgment rendered by the court is erroneous. There were instalments not due at the time of the rendition of the same. The court ordered that the lands mortgaged should be sold in parcels, as might be directed by the plaintiffs. The question as to the susceptibility of mortgaged premises to division can only arise for the decision of the court where, in a proceeding for foreclosure, it becomes necessary for the court to render judgment for the collection of instalments, of which some are due and some are not due, and if susceptible of division, the particular division should be determined by the court, and made a part of the decree. Sec. 638 of the code, 2 G. & H. 296; *Brugh* v. *Darst*, 16 Ind. 79; *Denny* v. *Graeter*, 20 Ind. 20; *Peck* v. *Hensley*, 21 Ind. 344; *Wilcoxson* v. *Annesley*, 23 Ind. 285; *Cassel* v. *Cassel*, 26 Ind. 90.

The decree in this case cannot be supported either on principle or by authority. To give to the plaintiff the power to direct the order in which the several parcels should be sold, might result in great injustice and oppression. It is the duty of the court to hear the proof and, if the lands are found to be susceptible of division, to determine the particular division, and make this a part of the decree, for the direction and guidance of the sheriff. If the parcel first

offered should fail to sell for enough, the sheriff should then offer another, and so continue until enough has been sold to satisfy the instalment or instalments due.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to grant a new trial, and for further proceedings in accordance with this. opinion.

*G. Durbin,* for appellant.

*W. D. Ward, J. O. Cravens,* and *J. B. Rebuck,* for appellees.