HOLLAND ET AL. *v.* JOHNSON.

PRINCIPAL AND SURETY.—*Release of Surety.* — *Pleading.* — To a suit upon a promissory note, an answer by a surety, alleging that the payee, without the knowledge or consent of the surety, released a mortgage on real estate, executed by the principal maker to the payee to secure the payment of the note, and extended the time of payment for a definite period after maturity, in consideration of a new mortgage executed by

Holland *et al. v.* Johnson.

the principal maker and his wife on the same real estate, was good, whether copies of the mortgages were made parts of the answer or not.

SAME.—*Parol Release of Mortgage.*—A parol release of such first mortgage was valid.

SAME.—It is the duty of the payee of a note, on which there is a surety, to hold all securities which he has from the principal in the. note, whether the securities existed at the date of the note or were given afterwards, and if he releases such securities, the surety on the note will be released to the extent of the value of the securities released.

From the Lawrence Circuit Court.

*P. A. Parks* and *N. Crooke,* for appellants.

*G. Putnam, G. W. Friedley* and *H. C. Duncan,* for appellee.

PETTIT, J.— This suit was prosecuted by the appellants, William A. Holland and John Holland, against the appellee, David Johnson, on a promissory note, copied below, it being joint and several, and the Allens having been adjudged bankrupts before the suit was brought:

" Six months after date, we or either of us promise to pay William A. and John Holland, six hundred and forty-five ·dollars and thirty-three ·cents, for value received, collectible without any relief from valuation or appraisement laws, with ten per cent. interest from date until paid.

"February 8th, 1873.             RILEY ALLEN.

"HIRAM ALLEN.

"DAVID JOHNSON."

The complaint was answered in eight paragraphs, and the first error assigned and complained of is the overruling of a demurrer to the first, second, third and fourth paragraphs of the answer.   The first paragraph of the answer was this:

"1.   The defendant herein says that he executed the note mentioned in plaintiffs' complaint, but that he executed it as surety, which fact at that time was known to plaintiffs, of Hiram Allen and Riley Allen, who also signed said note; that said note was secured by a mortgage, a copy of which is filed herewith and made a part hereof, made by said Riley Allen and Hiram Allen, on the 18th day of February, 1873,

and on that day taken and accepted by plaintiffs; that said land, so conveyed, was at that time, and still is, of the cash value of three thousand dollars, which was sufficient to secure the note in plaintiffs' complaint mentioned and another promissory note mentioned in said mortgage; that, on the 5th day of May, 1873, the plaintiffs, without the knowledge or consent of the defendant, and contrary to his wishes, and for a valuable consideration, released said mortgage, in consideration of a new mortgage from said Allens and their respective wives, on the land mentioned in said mortgage, dated February 18th, 1873, extended the time of the payment of the note set out in plaintiffs' complaint for a length of time beyond when the same would fall due, to wit, for the space of six months, and agreed to, and did then and there, bind themselves to give said Allens longer time for the payment of said note; that in consideration of said promise and agreement by plaintiffs, said Allens did then and there, together with their said wives, execute and deliver to said plaintiffs said new mortgage, which is filed herewith by copy. Wherefore this defendant says that he is released from all liability on said note. He therefore asks for judgment for his costs herein, and for all proper relief."

The second paragraph of the answer sets up the substantial facts of the first, and, in addition, alleges that the interest of the wives of the Allens in the lands mortgaged on the 5th day of May, 1873, was of the cash value of two thousand dollars, and that the plaintiffs, without the knowledge or consent of the defendant, cancelled and released, on the 5th day of September, 1873, the mortgage of the 5th day of May, 1873.

The third paragraph is substantially the same as the first, with the addition that the plaintiffs extended the time of payment of the note to the Allens six months, in consideration of their making the mortgage of February 18th, 1873.

The fourth paragraph sets up a parol release and surrender of the mortgage of the 18th of February, 1873.

A majority of the court hold all of these paragraphs of the answer good, as well those which make the mortgages a

part of them as those which do not do so, and that the mortgages were not the foundation of the defence set up in them, and that a parol release is valid in such a case as this, and · that these views are sustained by the following authorities:

As to the failure to file the mortgages or a copy of them with the paragraphs in which they are set up, *Heitman* v. *Schnek*, 40 Ind. 93.

As to parol release, *Mauzey* v. *Bowen*, 8 Ind. 193, and notes 1 and 2; *Knarr* v. *Conaway*, 42 Ind. 260; *Ackla* v. *Ackla*, 6 Pa. St. 228, and cases there cited.

In these views the writer does not concur. He thinks that the mortgages were the foundation of the defence, and that, under our statute, the original or a copy should have been filed with each paragraph of the answer, and that a parol release of a mortgage, in such a case as this, is not valid.

It is urged by the counsel for the appellants, that the release of securities given by the principals, Allens, to the payees, Hollands, after the note was made and signed by Johnson as surety, cannot release Johnson as such surety.

We hold the reverse of this position. It is the duty of the payee of a note, on which there is a surety, to hold all securities which he has from the principal in the note, whether the securities existed at the date of the note or were given afterwards; and if he releases such securities, the surety on the note will be released to the extent of the value of the security which has been released by the payee. *Stewart* v. *Davis' Ex'r*, 18 Ind. 74; Story Eq. Jur., secs. 325 and 326; 2 Am. L. Cas. 345 *et seq.*

We think and hold that there was no error in refusing to allow the plaintiff to take a nonsuit after the jury had retired and before they had returned with their verdict. 2 G. & H. 216, sec. 363.

The only remaining questions are as to the sufficiency of the evidence and the correctness of the instructions given.

The evidence clearly tends to prove the allegations of the pleadings, and the instructions are clearly within and confined to the issues joined and the evidence given.

We can find no error in the action of the court below. The judgment is affirmed, at the costs of the appellants.