Carmikel *et ux. v.* Cox.

---

CARMIKEL ET UX. *v.* COX.

FORMER ADJUDICATION.—*Real Estate, Action to Recover.*—*Dismissal of Cause After it has Gone to Jury.*—*Waiver.*—In an action for the recovery of real estate, the defendant answered former adjudication, alleging, that, in a former action, between the same parties, for the recovery of the same real estate, wherein the defendant had obtained a verdict and judgment in his favor, the plaintiff, having obtained a new trial as a matter of right, during the second trial and after the jury trying the same had retired to deliberate on their verdict, had, by leave of court and without objection by the defendant, dismissed the cause without prejudice, and judgment was rendered accordingly, with costs, for the defendant.

*Held,* on demurrer, that, such dismissal having been made without objection by the defendant, the answer is insufficient.

From the Hendricks Circuit Court.

*L. M. Campbell*, for appellants.

*E. F. Ritter*, *L. C. Walker* and *L. Ritter*, for appellee.

Howk, J.—This was an action by the appellants, as plaintiffs, against the appellee, as defendant, in the court below, for the recovery of certain real estate, in Hendricks county, Indiana.

The appellants' original complaint contained two paragraphs:

The first paragraph was in the ordinary statutory form in such cases, and in it the appellants alleged that the appellant Rebecca H. Carmikel, the wife of her co-appellant, was the owner, in fee simple, of said real estate, and entitled to the possession thereof, and that the appellee unlawfully held possession of said real estate, and for three years last past had unlawfully kept the appellants out of the possession thereof, to their damage in the sum of five hundred dollars.

The second paragraph of the complaint does not differ materially from the first paragraph, except that in the former the appellants have stated, more fully than in the first paragraph, the title of the appellant Rebecca H. Carmikel to the real estate in controversy.

To appellants' complaint, the appellee answered in two paragraphs, as follows:

1. A general denial;

2. And, in the second paragraph, the appellee alleged, in substance, that, on the 2d day of December, 1872, the appellants commenced an action against the appellee, in the court below, for the recovery of the same real estate, and seeking the same relief, as in this action; that the appellee appeared in said prior action, and filed his answer to the complaint therein, and the issues joined were duly tried by the court below, on the 28th day of November, 1873, resulting in a finding and judgment in favor of the appellee and against the appellants; that afterward, on

the 27th day of April, 1874, the appellants having paid all costs in said prior action, the judgment of the court below therein, on their written motion, was vacated and set aside, and they were granted a new trial as a matter of right under the statute, by the order of said court; that afterward, at the September term, 1874, of the court below, the parties appeared in said prior action and submitted the same to a jury for trial, and, on the 11th day of September, 1874, the following order and judgment were entered, in said cause, on the proper order book of said court, to wit:

"Come the parties herein, by their attorneys; also, come the jurors of the jury, empanelled for the trial of this cause, and, after hearing the arguments of counsel and charge of the court, the jury retire in care of a sworn bailiff to deliberate, and before verdict the plaintiffs dismiss this cause, without prejudice to their rights, on leave of the court first obtained. It is therefore considered by the court, that said defendant recover of said plaintiffs his costs herein laid out and expended, taxed at —— dollars and —— cents."

Wherefore the appellee said, that the appellants ought not to have and maintain this suit, because the same subject-matter, being the same real estate, herein sought to be recovered, was decided and adjudicated in the aforesaid former suit, and that, by reason of the facts in said paragraph contained, the appellants were estopped from maintaining and prosecuting this action; and, therefore, the appellee prayed judgment for costs.

The appellants demurred to the second paragraph of appellee's answer, for the alleged want of sufficient facts therein to constitute a defence to their action, which demurrer was overruled by the court below, and to this decision the appellants excepted.

The appellants then filed an additional third paragraph of complaint, containing substantially the same averments as were contained in the second paragraph of their com-

plaint, in regard to the ownership, and right to the possession, of said real estate, the unlawful possession thereof by the appellee, and the damages sustained by appellants by reason of the appellee's possession. The appellants then set out, in this third paragraph, their version of the facts in relation to their first suit for the recovery of said real estate, the proceedings had therein, and their dismissal thereof, which version did not differ materially from the appellee's statement of the same matters, in the second paragraph of his answer, the substance of which we have already given; and the appellants also stated the reasons for their dismissal of their first suit; but these reasons are not material in the consideration of this cause, and therefore we need not set them out.

To this third paragraph of complaint, the appellee demurred upon two grounds of objection: 1. The want of sufficient facts therein to constitute a cause of action; 2. That the court below had no jurisdiction over the subject-matter complained of. This demurrer was sustained by the court below, and the appellants excepted to this decision, and, refusing to plead further, judgment was rendered on the demurrers, in favor of the appellee and against the appellants, for the costs of this action.

In this court, the appellants have assigned, as errors, the overruling by the court below of their demurrer to the second paragraph of the appellee's answer, and the sustaining by said court of appellee's demurrer to the additional third paragraph of the appellants' complaint.

These alleged errors may well be considered together, for it will readily be seen that they present the same question, namely, the legal effect of the proceedings and judgment of the court below, in the appellants' first action against the appellee for the recovery of the real estate in controversy. The record of said proceedings and judgment, as set out in the pleadings in this cause, conclusively establishes these facts: That the parties were

present in court; that the jury had retired to consider of their verdict; that, before verdict, the appellants moved for and obtained leave of the court to, and did, dismiss said cause, without prejudice to their rights; and that the appellee, though present in court, neither asked for a verdict nor objected to such dismissal, as he had the right to do and might have done. Under these facts, it seems to us a fair conclusion, that the appellee acquiesced in and consented to the appellants' dismissal of said cause, as he had the right to do; and that, having so done, he cannot now complain of such dismissal as illegal. We readily concede, that, if the appellee had objected to the appellants' dismissal of said cause, after the retirement of the jury and before verdict, and the court below had overruled the objection and permitted such dismissal, such decision would have been error for which the judgment of the court, on such dismissal, would probably have been reversed, on appeal. *Holland* v. *Johnson*, 51 Ind. 346. Whether the appellants' dismissal of their first suit was right or wrong, or whether the appellee is or is not in any condition to complain of such dismissal, it seems to us that these questions are immaterial in this case. The only question, in connection with the proceedings and judgment in the first suit, worthy of a moment's consideration in this case, is this: Was there any adjudication, in said first suit, of the matters in issue therein? Of course, this question must be answered in the negative, as there was neither verdict nor finding on the issues, on which any such adjudication could be founded.

In our opinion, the court below erred in overruling the appellants' demurrer to the second paragraph of the appellee's answer, and also in sustaining the appellee's demurrer to the third paragraph of the appellants' complaint.

The judgment is reversed, at the appellee's costs, and

the cause is remanded, with instructions to sustain the demurrer to the second paragraph of answer, and to overrule the demurrer to the third paragraph of the complaint, and for further proceedings.