Atchinson *et al.* *v.* Lee *et al.*

———————

No. 7983.

### ATCHINSON ET AL. *v.* LEE ET AL.

PLEADING.—*Answers of Payment and Satisfaction by Exchange.—Reply to one Paragraph by Reference to Another.*—A reply to a paragraph of answer pleading payment, which refers for facts to a third paragraph of answer pleading satisfaction by an exchange, is bad on demurrer. The answer can not thus be made a part of the reply.

SAME.—*Exchange not Payment.*—Such paragraph of reply, even aided by the averments of the answer referred to, is bad, as an exchange of one piece of property for another is not a payment; nor would a reply that such exchange had been made through fraud practiced upon the plaintiff by the defendants be good to an answer alleging payment.

PAYMENT.—*Debt to be Paid.—Exchange.*—In all cases of payment there must be a debt to be paid. In the exchange of property no debt is created; one thing is given for another.

From the Hamilton Circuit Court.

*C. P. Jacobs,* for appellants.

MORRIS, C.—The appellees sued the appellants for the price of a span of mules sold and delivered.

The appellants answered the complaint in three paragraphs. The first was a general denial; the second, payment; the third alleged that the mules had been delivered by the appellees to the appellants in even exchange for the sale and conveyance to them by the appellants of the right to make, use and vend a patented improvement in earth-pulverizers and harrows, as secured by letters-patent, issued by the United States to James Lefeber and George W. Shultz, dated October 21st, 1871.

The appellees replied to the answer by a general denial. To the second paragraph of the answer, which alleged payment before suit, the appellees replied specially, in substance as follows:

"That the alleged payment of the indebtedness mentioned in the complaint, contained in second paragraph of said answer, consisted of said conveyance of said pretended right to make, use and vend the pretended improvement in earth-pulverizers and harrows, contained in said third paragraph of said answer, and nothing else whatever." It is then alleged that the appellants, to induce said appellees to make said exchange, represented that their patent embraced a certain machine of which they had some knowledge, and that it was the best article of the kind known, etc.; that the appellees were ignorant as to the patent, and, relying upon the representations of the appellants, made the exchange as stated in the third paragraph of the appellants' answer; that said representations were false; that the appellants had no patent for the machine spoken of, and that the machine which their patent did cover was neither new nor useful, but was, in fact, worthless.

This reply is bad. It refers to the third paragraph of the appellants' answer, and in order to ascertain its meaning, that paragraph of the answer must be regarded as a part of it. The answer can not thus be made a part of the reply. *Knarr* v. *Conaway*, 42 Ind. 260.

But were we to regard the third paragraph of the answer as a part of the reply, it would still be bad. The third paragraph of the answer alleges an exchange of the mules sued for, for the transfer of a patent-right. An exchange of one piece of property for another can not be regarded as a payment. In all cases of payment, there must be a debt to be paid. In the exchange of property no debt is created; one thing is given for another. It was not competent, therefore, for the appellees to say that by their defence of payment, the appellants meant that they had exchanged a patent-right for the mules. Under the answer of payment, they could not have proved such an exchange. Nor would a reply, that such an exchange had been made through fraud practiced by the appellants on the appellees, be a good reply to the answer alleging payment. We think the reply bad, and that the judgment should be reversed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be reversed, at the costs of the appellees.