Hamilton *et al. v.* Plaut *et al.*

---

No. 8615.

## HAMILTON ET AL. *v.* PLAUT ET AL.

SPECIFIC PERFORMANCE.—*Title Bond.—Contract.—Mistake.—Statute of Limitations.— Vendor and Purchaser.*—Suit to compel a conveyance according to the conditions of a title bond. Cross complaint averring that the purchase-money was unpaid, alleging that a recital in the bond of payment was a mistake, and that the purchaser and her assignee were in possession, praying for a correction of the mistake, that an account be taken of the purchase-money due, and on payment that a conveyance be made by a commissioner, and for general relief. Answer to the cross complaint, the statute of limitations.

*Held,* that the cross complaint was good on demurrer, and the answer bad.

*Held,* also, that plaintiff, by suing for specific performance, waived the statute.

SAME.—*Estoppel.*—The recital of payment in a title bond for a deed for the purchase of real estate does not estop the obligor from averring, in a suit for a deed, the non-payment of the purchase-money.

From the Cass Circuit Court.

*W. T. Wilson, G. C. Taber* and *N. O. Ross,* for appellants.
*D. P. Baldwin,* for appellees.

MORRIS, C.—The appellees, on the 22d day of August, 1873,, brought this suit against the appellants to enforce the performance of a contract for the sale of a lot in Taber's addition to the city of Logansport, making the heirs of Henry Bliss, by his first marriage, defendants below, for the reason that they refused to join with them as plaintiffs, alleging them. to be the owners of something less than a third of said lot.

The complaint states that on the 14th day of March, 1854, Allen Hamilton and Cyrus Taber, being then in life, and the owners of the lot in controversy, executed a title bond, a copy of which is filed with .the complaint, agreeing to convey to Martha Bliss, the ancestor of the appellees, said lot for the sum of $500 ; that the said Martha took immediate possession of said lot, and remained seized of the same until her death, in the year 1871 ; that she left surviving her, her husband, Henry Bliss, and two children, of whom the appellee Martha Plaut was one ; that the other, Mira Brown, died, leaving as her only heirs, the appellees Mira Brown and Henry Brown ; that the said Henry Bliss subsequently married, and died in 1873, leaving his wife, Martha Bliss, one of the defendants, below, surviving him ; that Martha Bliss, to whom said bond was executed, was the second wife of said Henry Bliss ; that he left by his first wife, surviving him, his daughters Sarah, who intermarried with James M. Mason, Mary J., intermarried with George Train, Louisa, intermarried with Daniel Griswold, Maria, intermarried with Samuel H. Tam, and his sons, George R. Bliss and John Bliss, the latter of whom afterwards died, leaving William C. Bliss, Mary Bliss, intermarried with Riley Craig, Felix Bliss, George R. Bliss and Edgar Bliss, as his children and heirs, and Lucretia Bliss, his widow, surviving him, all of whom, together with Martha Bliss, the third wife of said Henry Bliss, are made defendants ; that said Martha Bliss, to whom said bond was given, paid,

as the appellees are informed, the $500 to the said Hamilton and Taber; but offering, in case such payment had not been made, to pay the same, with the interest accrued thereon; that said James M. Mason is now in possession of said lot, and excludes the appellees therefrom; that he has, wrongfully and without right, possession of said title bond, and refuses to deliver it to the appellees, or to recognize their rights in said lot; that the appellees own 26-36 of said lot; that said Mason owns 1-36 part of said lot; that Lucretia Bliss owns 4-36 of said lot, and that each of the other defendants, heirs of said Henry Bliss by his first wife, own 1-36 part of said lot. The heirs of Cyrus Taber and Allen Hamilton are made parties, and it is alleged that they refuse to convey said lot to the parties equitably owning the same; that there is a hotel on said lot, and that said Mason is receiving the entire rents and income of the same.

The prayer is that the heirs of Taber and Hamilton be required to perform the said contract and make a title, according to the facts stated, to the plaintiffs for 26-36 parts thereof; that, if there is any unpaid purchase-money, the court should ascertain the same and direct how it should be paid; that Mason be compelled to deliver up the title bond; that a receiver be appointed to take possession of the lot and receive the rents of the same; that the title of the appellees be quieted, and for general relief.

The title bond is as follows: "Know ye, that we, Allen Hamilton and Cyrus Taber, of the counties of Allen and Cass, in the State of Indiana, are firmly held and bound unto Martha Bliss, of the county of Cass and State of Indiana, in the penal sum of $1,000, for the payment of which we hereby bind ourselves, our heirs and personal representatives, firmly by these presents, sealed with our seals and dated this 1st day of March, 1854.

"The condition of the above bond is such that, whereas the above bound Hamilton and Taber have this day sold unto the said Martha Bliss lot 20, as designated on the original

plat of the town of Taberville, in said county of Cass, and recorded in the recorder's office thereof, for the price and sum of $500, the receipt whereof is hereby acknowledged, upon the condition that said Martha Bliss pay all the taxes and assessments levied on said lot for the present and ensuing years: Now, therefore, should the said Hamilton and Taber, on or before the first day of March, 1856, execute to the said Martha Bliss a sufficient warranty deed in fee simple for said lot, then this bond should be void; else, in full force.

" Allen Hamilton, [Seal.]
" Cyrus Taber, [Seal.]
" By Stephen Taber."

To this complaint, the heirs of Hamilton and Taber appeared and filed an answer in three paragraphs, the first being a general denial. The second alleged a want of consideration. The third states that the purchase-money for the lot in controversy had not been paid; that the $500, with interest thereon from the 1st day of March, 1854, is due; that, upon its payment, the legal holders of the bond would be entitled to a deed for the lot; that some of the heirs appellants are minors, but that, upon payment of the purchase-money, they are willing that the court should cause the lot to be conveyed to the legal holders of the bond.

Said heirs also filed a cross complaint against their co-defendants and the plaintiffs below, alleging that, prior to the 1st day of March, 1854, Allen Hamilton and Cyrus Taber, their ancestors, made a verbal contract for the sale of the lot in controversy, to said Henry Bliss, then in life, for the sum of $500, thereafter to be paid, under which parol contract he took possession of said lot; that on the 1st day of March, 1854, at the instance of said Henry Bliss, they made said title bond, a copy of which is filed with the cross complaint; that the same was made without any consideration moving from Martha Bliss to them, but solely in consideration of the promise of said Henry Bliss to pay for said lot; that, through the mistake of the scrivener, who drew said bond, the words, " the

receipt whereof is hereby acknowledged," were inserted therein; that said $500 were not paid, nor had any part of it ever been paid, but that the whole of said sum was then unpaid; that said mistake was not discovered until after the death of said Taber and Hamilton; that no part of said $500 was ever paid by said Henry Bliss or Martha Bliss to the said Hamilton and Taber, or to either of them, during their lifetime, nor has the same or any part thereof been paid to the legal representatives of said Hamilton and Taber, or to the legal representatives of either of them, nor to the cross complainants or any of them; that the said Martha Bliss, to whom said bond was made, died intestate, on the 22d day of February, 1871, and that the persons made parties to the cross complaint are her heirs; that the cross complainants had heard that said Martha Bliss, in her lifetime, sold and assigned said bond to their co-defendant, James M. Mason, and that he is the legal holder of the same; that there is due to the cross complainants the sum of $500 and interest thereon from the 1st day of March, 1854. The death of Allen Hamilton and Cyrus Taber, and the minority of some of the heirs are alleged.

The cross complaint prays that the bond may be reformed, by striking therefrom the words " the receipt whereof is hereby acknowledged;" that an account may be taken of the amount due them for said lot, and that, when paid, the lot should be conveyed, through a commissioner to be appointed by the court, to the parties entitled to the same, or that the court order a conveyance to be made to the proper parties, and that the cross complainants be declared to have a lien on said land for said purchase-money, and that the same be sold to pay said lien, and for all other proper relief.

James M. Mason, one of the defendants to the cross complaint of the heirs of Hamilton and Taber, answered the cross complaint in seven paragraphs: 1st. The general denial. 2d. That the purchase-money for said lot had been fully paid. 3d. That the claim is without consideration. 4th. That the cause of action alleged in said cross complaint did not accrue

within six years and eighteen months next before the commencement of this suit.  5th. That said cause of action did not accrue at any time within twenty years next before the institution of said suit.  6th. That the cause of action did not accrue within fifteen years and eighteen months next before the commencement of said suit.

The seventh paragraph of Mason's answer states, that he is the owner of said title bond described in said complaint, a copy of which is filed with the answer as a part of the same, and that he was such owner at the commencement of this suit, and is entitled to all the rights of said Martha and Henry Bliss therein; that the purchase-money had been received by said Taber and Hamilton; that Martha Bliss was, in 1854, put into possession of said lot, and that she and said Mason have been in the continuous possession of the same ever since, and have made valuable improvements thereon, costing over four hundred dollars; that, at the time said bond was assigned to him, Mason, he had no knowledge of any claim on said lot for unpaid purchase-money, but believed the purchase-money had been paid, and therefore purchased the same for a valuable consideration.   He prays that the heirs of Hamilton and Taber be estopped to claim anything, but that if there shall be anything found due them, they be ordered to convey to him upon payment of such sum.

The heirs of Hamilton and Taber demurred separately to the third, fourth, fifth, sixth and seventh paragraphs of the answer of Mason to their cross complaint.   The demurrers were overruled and the appellants excepted.   The appellants then replied to the answer of Mason by a general denial.   To the third paragraph of said answer, they also replied specially, that the claim set up in their cross complaint was for the purchase-money due on said lot mentioned in the original complaint, and that upon its payment they are ready to convey, etc.   To the seventh paragraph of Mason's answer, they also replied specially, that at the time the bond was made, it was

agreed that upon the payment of $500 the said Hamilton and Taber should convey said lot, etc., but that through the mistake of the scrivener it was omitted and the bond written as the same is set forth in the complaint.

The plaintiffs below replied to the answer of the appellants in three paragraphs. They also answered their cross complaint in three paragraphs: First, the general denial. Second, payment. The third stated "that said alleged debt accrued more than twenty years before the commencement of this suit, and was barred by the statute of limitations."

The appellants demurred to the third paragraph of the plaintiffs' answer to their cross complaint. The court overruled the demurrer and they excepted.

The issues between the appellees and the appellants, both upon the original and the cross complaint, were, by agreement, submitted to a jury for trial, who returned a verdict for the appellees. The appellants moved for a new trial. The motion was overruled.

Afterward it was agreed by the parties that the issues between the plaintiffs below and the defendants, other than the appellants, should be tried by the court. The court, upon these issues, found that the plaintiffs owned two-thirds of said lots, and that the other third belonged to the other appellees. Judgment was rendered according to the findings.

The errors assigned involve the rulings of the court upon the demurrers to the answers of James M. Mason to the cross complaint of the appellants, upon the demurrer to the third paragraph of the answer of the plaintiffs below to said cross complaint, and upon the motion for a new trial.

The appellees do not insist with much earnestness upon the sufficiency of the fourth paragraph of the answer of James M. Mason to the cross complaint of the appellants. It is alleged that the cause of action set forth in the cross complaint did not accrue within six years and eighteen months next before the commencement of the suit. If the cross complaint is sufficient, this answer is clearly bad. But the ap-

pellees insist that the cross complaint is insufficient, and that the answer, though bad, is good enough for the complaint to which it is pleaded.

The cross complaint admits that the ancestors of the appellants made the bond sued on; that they owned, at the time, the lot described in the bond; their subsequent death, and that the appellants are their heirs. It avers that the recital in the bond as to the payment of the purchase-money is false; that the recital was inserted by mistake; that the whole of the purchase-money for said lot is unpaid, and still due, with interest thereon for several years. It further states that some of the appellants are minors; that the appellants are ready and willing to convey said lot to such of the appellees as may be entitled to the same, through a commissioner, to be appointed by the court, upon payment of the purchase-money.

The prayer of the cross complaint is, that the appellees be ordered to pay the purchase-money that may be found due, or that, in default thereof, the lot may be sold and the proceeds applied to the payment of said purchase-money, and for all other proper relief.

The original complaint alleged that the purchase-money had been paid. The suit was commenced to compel the appellants to transfer the title to the lot to the appellees. The bond, which was made a part of the original complaint, and also of the cross complaint, recites that the purchase-money for the lot had been paid. This the cross complaint contradicts. The real question between the parties is as to the payment of the purchase-money. The recital of its payment in the title bond did not estop the appellants to allege the contrary. Bigelow on Estoppel, p. 281, says: "It has been settled for many years that the acknowledgment in a deed of conveyance of the receipt of the consideration is not conclusive, but may be explained or disputed." This is not questioned, but the appellees insist that no action can be maintained by the appellants upon the bond for the purchase-money, until it is re-

formed by striking out the recital, which is alleged to have been inserted by mistake. We are referred, in support of this proposition, to the case of *Conger* v. *Parker*, 29 Ind. 380. We think the case not in point. By the terms of the deed in the case cited, the growing crops and fence rails passed to the grantee. The defendant claimed, that, by the original agreement, the crops and fence rails had been reserved to him, but that the reservation had been omitted from the deed by mistake. The court held that the defendant could not avail himself of the reservation without reforming the deed. It would hardly be pretended that in this case the appellants could not defeat the suit by proof of the non-payment of the purchase-money. But, aside from this, it can not be said that the cross complaint is founded upon the bond. The legal title to the lot is in the appellants. They hold the title as security for the payment of the purchase-money, which they allege to be unpaid. The recital in the bond simply operates as evidence of the payment of the purchase-money, but may be explained or contradicted. The object of the cross complaint is to compel the payment of the purchase-money, or foreclose the equity of the appellees in the lot.

In determining the sufficiency of the cross complaint, we must take the averment of the non-payment of the purchase-money as true. This being granted, we think it sufficient. It may be said that no deed has been tendered; but this, under the peculiar circumstances of this case, was not necessary. It is enough that appellants aver, as they do, a readiness and willingness, upon the settlement of the disputed question as to the payment of the purchase-money, to convey, through a commissioner, the title claimed by the appellees. They propose to transfer the title demanded by the appellees, and in the precise way in which they seek it. If the latter are unwilling to accept the title, appellants may, the purchase-money not being paid, foreclose their equity in the lot. *McCaslin* v. *The State, ex rel. Evans*, 44 Ind. 151; *Amory* v. *Reilly*, 9 Ind. 490. The court erred in overruling the demurrer of

the appellants to the fourth paragraph of the answer of James Mason to their cross complaint.

The court also erred in overruling the demurrer to the sixth paragraph of said Mason's answer to the appellants' cross complaint. This paragraph avers that the cause of action stated in the cross complaint did not accrue within fifteen years next before the commencement of the suit. The facts stated constituted no bar to the cross action.

We are also of opinion that the third paragraph of the answer of the plaintiffs below to the cross complaint is insufficient, and that the court erred in overruling the demurrer to it. Upon the facts stated in the cross complaint, the possession of the appellees was not adverse to the appellants. The former held in subordination to the title of the latter. The possession of the appellees gave them no title; they still held, at most, but an equitable interest in the land. The legal title was still in the appellants. The answer is, that the debt alleged did not accrue within twenty years. Does it follow upon the facts stated, that if the purchase-money had been due for twenty years, they must surrender their title to the delinquent debtor, without any relief? Might they not ask, upon the facts stated in the cross complaint, that the equity insisted upon by the appellees should be liable for the purchase-money? or, if the appellees refuse to pay, that the legal title retained by them as security for the debt, should be quieted as against such equity? We are inclined to the opinion that the appellants might insist upon such relief.

In the case of *Bennett* v. *Welch*, 25 Ind. 140, this court, in speaking of a counter-claim or cross complaint, in some respects not unlike this, says: "And there can be no doubt that the delay in the case before us was abundantly sufficient to have justified the appellee in regarding the purchase as having been abandoned. But by seeking to enforce it, he preserved its vigor for his own benefit, and it would not be creditable to our jurisprudence if he could be sustained in saying that he shall nevertheless be discharged from its per-

formance by his own mere volition. While seeking to compel a specific performance, and continuing thereby to admit an obligation to perform on his part, his acts were certainly inconsistent with an intention to object to doing so on account of the lapse of time, and this must be deemed a waiver of that objection."

Here the appellees are insisting upon a specific performance of the contract. They thereby admit their liability to perform on their part. They must be deemed to have waived all objection on account of the lapse of time. The demurrer to the third paragraph of the answer of the plaintiffs below to the cross complaint should have been sustained.

As, for these errors, the case must reversed, it is unnecessary to examine other questions in the record.

PER CURIAM.—It is ordered that, upon the foregoing opinion, the judgment below be reversed, at the costs of the appellees.