1830.

Ontario Bank v. Strong.

---

## THE ONTARIO BANK vs. STRONG and others.

An order for the appearance of a non-resident infant defendant, must be obtained and published, or served in the same manner as in the case of adult defendants.

And if the infant does not appear by guardian within twenty days after the expiration of the time limited in the order, the complainant may apply to the court to appoint a guardian ad litem to appear and answer for such infant.

Where a bill filed by a corporation aggregate to foreclose a mortgage, is taken as confessed against an absentee, and a reference is made to a master to take proof of the facts and circumstances stated in the bill, it is proper under the revised statutes, (2 R. S. 187, sec. 128,) to examine the officers of the corporation, as to the payments which ought to be credited on the mortgage.

Where only a part of the mortgage debt is due, a decree for a sale will not be ordered until a reference has been made to a master and he has reported as to the situation of the mortgaged premises.

If the master upon such reference reports that a sale of the whole premises is necessary, he should give the reasons upon which his opinion is founded.

If he decides that the property may be sold in parcels, he should state in his report the relative situation and value of the several parcels, and what part of the premises ought to be first sold, and all other facts necessary to enable the court to make such order of sale as will be most beneficial to the parties.

THIS was a suit to foreclose a mortgage. Some of the defendants were absentees, and one of whom was an infant.

August 26th.

1830.
Ontario Bank
v.
Strong.

On a former day, upon an application to appoint a guardian for the non-resident infant, the Chancellor decided that an or- der for the infant to appear must be obtained and published or served in the usual manner; that if the infant did not appear by guardian within twenty days after the expiration of the time limited in the order, the complainants might then apply to the court for the appointment of a guardian ad litem to ap- pear and answer for him.

The bill having been taken as confessed against the adult defendants, and those who were infants having put in a gen- eral answer by their guardian, a reference was made to a master to examine and report as to the truth of the facts sta- ted in the complainant's bill and to compute the amount due upon the mortgage. The complainants being a corpo- ration aggregate, their cashier and clerks were examined as to the payments which ought to be credited on the mortgage. The Chancellor decided that this was the correct practice under the article of the revised statutes relative to proceed- ings against absent defendants. (2 R. S. 187, § 128.) But all the mortgage money not being due, the question was now raised whether an order of sale could be made before a report was obtained as to the situation of the mortgaged pre- mises.

*N. W. Howell,* for the complainants.

THE CHANCELLOR. By the 163d and 165th sections of the article of the revised statutes relative to the foreclosure of mortgages in equity, (2 R. S. 193,) the legislature evidently intended that no decree for the sale of mortgaged premises should be made, where only a part of the debt had become due, until there had been a reference and report as to the situation of the premises. In *Everitt* v. *Huffman,* (1 Paige's Rep. 648,) this court decided that in cases like the present, the complainant might have a common order of reference to ascertain the facts, or might insert a direction to the master to that effect, in the usual reference to compute the amount. If the master decides that a sale of the whole premises is ne- cessary, he should state the reasons why that will be most beneficial to the parties. And if he decides that the property

may be sold in parcels, he should state the relative situation and value of the several parcels, and which should be first sold; or such other facts in relation to the property as will enable the court to act understandingly in making such an order of sale as will be most beneficial to the parties.

In this case there must be a further reference and report, as to this matter, before any decree for the sale can be entered.