*May Term, 1861.*

BRUGH
v.
DARST.

---

BRUGH *v.* DARST and Others.

Where in proceedings for the foreclosure of a mortgage, part only of the notes secured are due, if the property is found by the Court to be susceptible of division, the Court must specify by metes and bounds the particular portion to be sold.

APPEAL from the *Blackford* Common Pleas.

HANNA, J.—This was a suit on a note and to foreclose a mortgage given to secure the same, and other notes not due. There was a judgment for the amount of the note, and a foreclosure of the mortgage as to the same. There was also a finding as to the amounts of the other notes, and that the holder thereof was entitled to have the mortgage foreclosed as to them; and an order that execution issue upon the judgment, and that so much of the property as might be necessary should be sold to satisfy the same; and that upon failure to pay each installment as it fell due, execution should in like manner be issued and served. The Court found that by the pleadings the

*Tuesday, May 28.*

defendant admitted that the land was susceptible of division; but did not find or designate how or by what metes and bounds it could be divided.

The question presented for our consideration is upon the failure so to find. There was no motion for a new trial. The aggregate amount of all of the installments was over $1,000. The amount due being less than $1,000, we suppose the Court had jurisdiction.

The order of the Court directing the sale of so much of the mortgaged premises as might be necessary to satisfy the debt due, after finding that the same was susceptible of division, and without designating the form or manner of division, or the part to be first sold, was, in our opinion, erroneous. The officer, in making sale, might divide the land in entirely different parcels from those contemplated by the Court, in arriving at the conclusion that the same could be divided; and thus the judicial determination of the Court upon that point, after hearing proof or examining the pleadings, might be annulled by a ministerial officer. As the writ would contain no directions to him, except to sell so much as would satisfy the debt, and as he would not be authorized to hear proof upon the question of division, it is manifest that he would be left to the sole guidance of his discretion. The Court should have adopted some of the known modes, usually resorted to, to obtain judicial knowledge upon that question, and should have made an order of record, which could be incorporated in the writ and pursued by the officer in making a levy and sale. The judgment, so far as it is not in conformity with this opinion, must therefore be reversed.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*Brownlee*, for the appellant.

*A. J. Neff*, for the appellees.