## DENNY and Others *v.* GRAETER.

JURISDICTION.—The jurisdiction given to the Court of Common Pleas to foreclose motgages, confers, also, the power in such cases to settle the title to the mortgaged real estate whenever it shall be in issue.

FORECLOSURE.—The question as to the susceptibility of mortgaged premises to division, can only arise, where, in a proceeding for foreclosure, it becomes necessary for the Court to render judgment for the collection of installments, of which some are due and some not due.

Denny and Others *v.* Graeter.

PRACTICE.—Any error or defect in a judgment, in order to be available in this Court, must have been made the subject of a proper objection in the Court below, and the basis of exception there.

APPEAL from the *Knox* Common Pleas.

*Per Curiam.*—Action by *Graeter* against *Denny* and wife, to foreclose a mortgage. Issue, trial by the Court, finding and judgment for the plaintiff.

A new trial was asked on the ground that the finding was not sustained by the evidence, and that the amount found was too large. We perceive no error in these respects.

Again, it is urged that the Court had no jurisdiction, the title to real estate coming in question. *Graeter* had sold the premises to *Denny*, who, with his wife, executed the mortgage to secure the purchase money. It was alleged that *Graeter* had no title when he made the conveyance. Reply that he had title. The Court could try the question of title thus raised. *Toner* v. *Mitchell*, 13 Ind. 530.

Several other errors are assigned, but they all relate to the character of the judgment rendered, and as no exception was taken in the Court below in this respect, we shall not notice them here.

The judgment below is affirmed with costs and two per cent. damages.

There was a petition for a rehearing filed herein, and the following opinion was rendered thereon:

WORDEN, J.—In this case the mortgage was given to secure the payment of two promissory notes, one of which was due at the commencement of the suit, and the other not. The Court found that there was due the plaintiff the sum of 239 dollars and 60 cents, and that there would be due on the 10th of *April*, 1861, the further sum of 220 dollars and 83 cents, but did not find whether the property was susceptible of division. No motion for a new trial was made on the ground that

the Court had not passed upon the question as to the suscep-
tibility of division of the property, even if the defect could
be reached in that way, nor was any other motion made by
which it was sought to call the attention of the Court to the
point. Nor was any motion made to arrest judgment.

It is abundantly clear that on the finding the plaintiff was
entitled to judgment; that is to say, he was entitled to judg-
ment for the 239 dollars and 60 cents then due, and that so
much of the mortgaged premises as might be necessary, be
sold to pay that amount. It is only where a judgment is to
be rendered embracing installments not due, that any inquiry
is necessary as to the divisibility of the property. 2 R. S.
1852, p. 176, sec. 637, *et seq.*

The Court could not rightfully render judgment for the
whole, including that which was not due, without having
found that the property was not susceptible of division; and
if susceptible of division, the particular division should be
determined by the Court. *Brugh* v. *Darst,* 16 Ind. 79.

The Court ordered that enough of the mortgaged premises
be sold to pay the sum of 239 dollars and 60 cents; and if
there remained any portion of the mortgaged premises, and
if the 220 dollars and 83 cents should not be paid when due,
such residue should be sold to pay the same; and that any
residue of the debt be collected of *Denny,* the maker of the
notes. To this judgment no objection was made or excep-
tion taken. We have seen that the plaintiff was entitled, on
the finding of the Court, to judgment. If the finding did
not authorize the particular judgment rendered, the defend-
ant should have made his objection, and if overruled, taken
his exception. There is no force in the point made by the
appellant, on petition for rehearing, that a party can not
except to the judgment rendered against him. If, when the
Court pronounces judgment, the defendant thinks the particu-
lar judgment pronounced is not warranted by the record, in-

cluding the finding or verdict, though some other or different judgment might be, that is a proper time to make his objection. The thing is then by no means beyond the power or control of the Court, and such corrections or modifications as might be right could be made. In our opinion, in accordance with the whole theory of our practice, if such objections are not made in the Court below, they are unavailing here. *Evey* v. *Smith*, 18 Ind. 461.

The petition for rehearing is overruled.

*J. C. Denny* for the appellants.

*Samuel Judah* for the appellee.