PECK and Wife *v.* HENSLEY.

MECHANIC'S LIEN—PLEADING.—In an action to enforce a mechanic's lien, a complaint against husband and wife, which sets out a note given by the former, and a sufficient notice of intention to hold a lien upon the house and lots as his property, and avers that he holds the property by an unrecorded title bond, fraudulently taken in the name of his wife, but paid for by him, and occupied by both, and that she stood by and encouraged the building of the house, &c., is not bad on demurrer.

PLEADING.—Where a written instrument, which constitutes the cause of action, is filed with, and made a part of, the first paragraph of the complaint, and, in the second paragraph thereof, it is alleged to be filed with the latter, and is referred to as already on file with the former, the latter will be sufficient.

PRACTICE.—A motion for a new trial below, or an assignment of error in this Court, on the ground that "the Court erred in all the instructions it gave, and in refusing instructions asked for by the appellant," is insufficient for not pointing out, with reasonable certainty, the particular instructions in which the Court is supposed to have erred.

NEW TRIAL—SURPRISE.—When the plaintiff, in an action, testifying in his own behalf, sustains the averments in his own complaint, where he had full knowledge of the facts, the defendant can not obtain a new trial on the ground that he was surprised by such testimony.

NOTICE OF LIEN.—As to the requisites of the notice of lien generally, and especially where the title to the property is held by a married woman, by an unrecorded conveyance, the reader is referred to the opinion at length.

APPEAL from the *Putnam* Common Pleas.

PERKINS, J.—This was a suit to enforce a mechanic's lien. It was founded upon two written instruments of the following tenor:

"$150 70.    Due *John Hensley* 150 dollars and 70 cents,

Peck and Wife *v.* Hensley.

without relief from valuation or appraisement laws, the same being for work and labor done and performed by said *Hensley*, in erecting and constructing a dwelling house, on lots 17, 18, 19, 20, 21, and 22, in block No. 3, in *Edwin J. Peck's* enlargement to the town of *Greencastle*, county of *Putnam*, and State of *Indiana*, for the undersigned. *February* 20, 1861.

"WILLIAM PECK."

"*Mr. William Peck:* Take notice, that I, the undersigned, intend to hold a lien on the dwelling house erected and constructed by me for you on lots 17, 18, 19, 20, 21 and 22, in block No. 3, in *Edwin J. Peck's.* enlargement to the town of *Greencastle*, in the county of *Putnam*, in the State of *Indiana*, for the sum of 150 dollars and 70 cents, according to due bill executed to me by you of same date herewith. *Greencastle, February* 20, 1861. JOHN HENSLEY."

"Received for record this 20th day of *February*, 1861, and recorded in mechanic's liens, at 4 o'clock, P. M. CLINTON WALLS, Recorder of *Putnam* county: Fee, 25 cents. Paid."

The complaint alleges that *Peck* holds the property by title bond, taken fraudulently in the name of his wife; that *Peck* has paid for the property, and that his wife stood by and encouraged the building of the house, &c. She was made a defendant. The notice appears, by averments in the paragraphs, to have been written sixty days from finishing the work, &c. A second paragraph was filed on an account for work and labor, &c.; in building the house at the joint request of *Peck* and wife, &c.; alleging that *Peck* was the equitable owner, &c.; setting forth the notice of intention to hold a lien, &c.

Demurrers severally filed to the paragraphs were overruled. This was right. The paragraphs were severally good. The defendants answered by the general denial, and, specially, setting up breach of contract on the part of the plaintiff, set-off,

Peck and Wife *v.* Hensley.

payment, &c. Replies in denial. Jury trial. Verdict and judgment for the plaintiff, giving a lien on the property, with an order of sale, &c.

The evidence in the cause is contradictory, but it tends to show:

1. That the plaintiff built the house—a new house—on the premises described in the notice of intention, &c.

2. That the notice of lien was filed within sixty days after the work was done. The Court properly called the attention of the jury to this point, and they found the point proved.

3. That so far as the house was not finished, according to contract, it was the fault of the defendant, *William Peck.* The defendants occupy the house.

4. That *William Peck,* the male defendant, held the lots by title bond, made, nominally, to his wife, the female defendant, but that *William* paid for the property, had possession and control of the title bond, and was the real equitable owner of the property.

5. That, at the date of the note, the plaintiff and defendant had a settlement; and that, for the balance due thereon, the note was given.

On the evidence, we can not disturb the judgment. We will notice the other objections of the appellants to the proceedings below.

The complaint, at first, consisted of but a single paragraph. The issues were made upon that, and the cause continued. At a subsequent term, the Court permitted the plaintiff to file an additional paragraph. No continuance was asked by the defendants on account of the filing. The issues were regularly made up on the new paragraph. We see no abuse of discretion in the premises by the Court below. And the defendants were not injured because the evidence, verdict, and judgment, in the cause, were evidently upon the first paragraph, which is fully sufficient to uphold the final result.

Peck and Wife *v.* Hensley.

The notice of lien was filed with the first paragraph; and in the second it was averred to be filed with it also, and referred to as being already on file with the first paragraph. We think it was thus made a part of the second paragraph, and, in legal effect, filed with it.

Objections to instructions are not properly before us. In the notice for a new trial, objection was made to them as follows: "The Court erred in the charge it gave, and in refusing to give charges asked by the defendant." In the assignment of errors, that in relation to instructions is this: "The Court erred in all the instructions it gave, and in refusing to give those asked for by the defendants." These specifications are too general. See *Elliott* v. *Woodward*, 18 Ind. 183. Some of the instructions given, at all events, were right, and some of those refused were wrong.

On the trial the defendants offered to prove, that parts of the work done by the plaintiff were not worth full price, on account of defective execution. There was no issue to which such evidence was applicable, at least, upon the first paragraph—that upon which the cause was really tried and decided. The defendant, *William Peck*, had given his note on settlement for the work done, and some time after it was done, and the house had been taken possession of by him and his wife; there was no answer of fraud or mistake, and no pretense that there was any. How, then, could it be important that other witnesses should express their opinions of the value of the work? The parties had deliberately and voluntarily agreed upon that themselves. The note showed this upon its face.

One of the grounds assigned in the motion for a new trial is, "that the defendant was surprised by the evidence of the plaintiff as to the time when he swore he did the last work on the house." We can not see the excuse for this surprise. The plaintiff had instituted his suit to enforce the lien, averr-

ing the facts entitling him to it; the law made him a competent witness to prove his complaint. The time of finishing the work was a very material point in issue, considered in connection with the filing of the notice of intention, &c.; and we do not well see how the defendants could be surprised by the plaintiff swearing to the material points in his own case. The defendants ought to have been prepared to meet the exact issues in the cause, made up by their own pleadings.

In the judgment there is an error. It was rendered jointly against the husband and wife, not only as to the sale of the property subject to the lien, but also personally. The evidence showed that the wife was properly but a nominal party, on account of her possible interest in the real estate held by the lien. The error is probably clerical, but it may have been judicial. Still, no objection was made below to the form of the judgment. The attention of the Court was not called to it. It may yet, perhaps, be corrected, by proceedings in the Court below, and, if so, should be so corrected, that no execution issue against the female defendant personally. Indeed, the judgment should have been. simply *in rem.* See *Randolph* v. *Leary*, 3 E. D. Smith, 637. See *Denny* v. *Greater*, 20 Ind. 20, to the point that objection to the judgment should be made below.

The only remaining question to be noticed, arises in the fact, that the notice of intention to hold a lien was addressed to *William Peck*, and described a claim—a promissory note—upon said *William*, while the suit was against *William Peck* and his wife.

Touching this question, it may be observed, it is certainly doubtful whether the notice of intention to hold a lien need be addressed to any body; or, rather, whether it is not, by force of law, addressed to every body. The lien created by it does not, as in the case of a mortgage, arise by contract, but by operation of law. The notice is not an instrument

Peck and Wife *v.* Hensley.

*inter partes.* It does not have to be served on any body. It is to inform the public that the signer of it claims a lien, from the time of its filing, on a certain piece of property, for a certain amount, and, in the body of the notice, the amount of claim must be shown, the property on which the lien is claimed should be described, and probably the person or persons against whom the demand, as a debt, exists, should be named.

We now proceed to consider the question in its application to the case at bar. We may view it in several aspects.

In the first place, we will suppose *Mrs. Peck* to be the real beneficial holder of the title bond; yet it was not recorded; the plaintiff might have no knowledge, except as derived from parties. Now, we will suppose that *William Peck*, the husband, employed the plaintiff to build the house in question, representing himself as the equitable owner of the ground, (for the equitable title is all the lien will reach in this case.) Suppose, further, that the wife knew the belief upon which the plaintiff was acting, and concealed from him the fact of her title; in such case, she would be estopped, in a suit to enforce the lien, to deny that the title was in her husband, *William.* A married woman is subject to the doctrine of estoppel *in pais.* *Gatling* v. *Rodman*, 6 Ind. 289, is full to this point. Still, in such case, the wife would have been a proper party defendant with her husband, in a suit to enforce the lien.

Again: Suppose the title was really in *William Peck*, but that he and his wife jointly contracted with the plaintiff to build the house on *William's* land; will it be denied, that if two persons employ another to erect a building on the ground of one of them, the builder may enforce a lien upon the property as against the employer, who owns it? Nor would it prejudice the claim for the lien that both the employers were made defendants to the suit.

A third view of the case, and that which seems to accord with the evidence given, is, that *William* is the real owner, but has the title fraudulently vested in his wife; that *William* contracted for the building of the house; that his wife knew the builder was acting in the belief that *William* had the equitable title, but still encouraged him to go ahead, concealing her own title; in such a case, can there be a doubt that the lien may be enforced, and that the wife might properly be made a party?

In *Hauptman* v. *Catlin*, 3 E. D. Smith Rep. 666, it is held, that the value of labor performed, and materials furnished upon and for the benefit of the separate real estate of the wife, may be made a lien on such property, irrespective of the question of the common law powers of the wife to contract, the proceeding to enforce a mechanic's lien being one *in rem*. See *Randolph* v. *Leary*, 3 E. D. Smith, *supra*. No other questions as to proper parties, or of power to sell the equity, are made in the case.

*Per Curiam.*—The judgment below is affirmed, with 1 per cent. damages and costs.

*Voss & Cowgill*, for the appellants.

*Williamson & Daggy*, for the appellee.