## WHITE vs. SHERRY and another.

PRACTICE. *Discontinuance as to one defendant, abates pending motion made by him. Other defendants cannot appeal from superfluous order denying it.*

After judgment against all the defendants as joint obligors, two of them moved to vacate the judgment ; and, pending that motion, plaintiff, by leave of court, discontinued the action as to those two. *Held,*

1. That the motion to vacate was *abated* by such discontinuance; and a subsequent order denying it was merely superfluous and inoperative.

2. That the other defendants could not in any case appeal from an order denying a motion in which they did not join.

APPEAL from the Circuit Court for *Winnebago* County.

The plaintiff, as sheriff of Winnebago county, seized a quantity of logs by virtue of a writ of attachment issued in a suit brought by one Brei against William Smith and Frederick H. Smith, to enforce a specific lien upon such logs, pursuant to the statute. The Smiths procured a redelivery of the logs by delivering to the plaintiff a bond in the penal sum of one thousand dollars, executed by themselves and the appellants, jointly and severally, and conditioned for the payment of any judgment that Brei might recover against the Smiths. Brei afterwards recovered judgment in that suit for $250 and costs.

This action was brought upon the bond, against all the obligors, and resulted in a judgment against the appellants only, for the amount unpaid on Brei's judgment. The defendants William Smith and Frederick H. Smith thereupon moved the court to set aside the judgment in this action, for reasons stated in the motion. The appellants did not join therein. Pending the motion, the plaintiff, by leave of court, discontinued the action as against the Smiths, and an order was entered to that effect. The court then made an order denying the motion to set aside the judgment, and defendants *Sherry* and *Haskins* appealed from that order.

*Warner, Ryan & Allen,* for appellants.
*D. J. Parkinson,* for respondent.

LYON, J.   The appellants were not parties to the motion to set aside the judgment; and the Smiths, who alone made such motion, were not parties to the judgment.   When the action was discontinued as to the Smiths, the motion thereby abated and disappeared from the case; and the order denying it was entirely unnecessary and inoperative.   Hence such order could work no injury to any one.   Besides, the appellants can have no appeal from an order denying a motion in which they did not join, and to which they are strangers.   The appeal must be dismissed.

*By the Court.* — Appeal dismissed.