## BROCKWAY vs. NEWTON, imp.

*April 27 — May 11, 1880.*

PRACTICE. *(1) Notice of application for judgment on default. (2) Foreclosure judgment without due notice: presumption as to its being injurious to defendant.*

1. Ch. 61 of 1879 provides that the circuit court for Winnebago county "shall be deemed to be open for the transaction of business from the commencement of one regular term to the commencement of another, and an adjournment from day to day shall not be necessary to the validity of any proceeding therein." *Held,* that a notice of application to such court for a judgment (for want of an answer) on a day named or as soon thereafter as counsel can be heard, goes down when the court is not in actual session on the day specified, and there is no adjournment to any specified time; and a new notice must be given before the application can be heard. *Platt v. Robinson,* 10 Wis., 129, and *Allen v. Beekman,* 42 id., 185, distinguished.

2. A judgment in foreclosure entered on a subsequent day in such a case, on the report of a referee, without further notice, should be set aside (on motion made at the same term), on the ground that it cannot be assumed that defendant was not injured by being deprived of an opportunity to be heard as to whether the mortgaged property should be sold in parcels, and in what order. *Bonnell v. Gray,* 36 Wis., 574, distinguished.

APPEAL from the Circuit Court for *Dodge* County.

The case is thus stated by Mr. Justice COLE:

"This is an appeal from an order refusing to set aside a judgment of foreclosure. The action was commenced in the circuit court of Dodge county on the 8th day of March, 1879, by service of summons and complaint. On the 28th day of that month notice of retainer was served. On the 9th day of July the plaintiff's attorney served due notice of an application for judgment at the special term of the circuit court of Winnebago county, to be held at Oshkosh on the 22d of July, or as soon thereafter as counsel could be heard. On the 22d the judge of the circuit court did not attend; the court was not in fact open that day, and no business was transacted. On the 29th of July the circuit judge was present in court, made an order of reference in the action, and the same day entered judgment of foreclosure upon the referee's report. But no other notice of application for judgment was given than the one served on the 9th for the 22d of July. The 22d was not a day in the regular term, nor was any special term appointed by law to be held at Oshkosh on that day. The circuit court of Winnebago county, however, was deemed to be opened for the transaction of business from the commencement of one regular term to the commencement of another regular term, by virtue of chapter 61, Laws of 1879. Another statute provides that at any special term of the circuit court in the third judicial circuit, any and all business may be done arising in any county in the circuit, which might be done at a regular term, except the trial of issues of fact by a jury. Chapter 92, Laws of 1879."

The cause was submitted on the brief of *Edward S. Bragg* for the appellant, and that of *Jackson & Thompson* for the respondent.

COLE, J. The counsel for defendant insists that the judgment should have been set aside on his motion, for irregular-

ity, because he had no proper notice of the application for judgment, nor any opportunity to be heard before the referee. He claims that, after the close of the regular term of the circuit court for Winnebago county, if a party gives notice of an application for a judgment on a day certain, and the court is not open on that day, the motion goes down, and proper practice requires the motion should be again noticed for a day when the circuit judge is present and opens court for the transaction of business. We think this position of counsel is correct and must be approved. Of course, where a motion is noticed to be heard on some day in regular term, it will not go down if the court does not happen to be in session on that day, or for any reason the motion cannot be heard. The motion may be taken up on the next motion day without further notice. *Platt· v. Robinson*, 10 Wis., 129; *Allen v. Beekman*, 42 Wis., 185. But in that case parties having business in court are chargeable with notice of its proceedings and of its adjournments. But, by chapter 61, even an adjournment from day to day is not necessary to the validity of the proceedings. Attorneys living away from Oshkosh have no means of knowing when the circuit judge will go into court and do business. Indeed, they may know, or be informed· (as the defendant's attorney in this case states in his affidavit he was), that the circuit judge is without the state on the day the motion is noticed to be heard, and may know that the judge will not be present to hear the motion on that day. Therefore, when the circuit judge, for any cause, cannot be or is not present on the day named to hear the motion, the moving party should give another notice. Unless this is required, the practice under chapter 61 will be productive of much surprise and oppression; for surely attorneys cannot follow the circuit judge all the time to see when he will go into court and do business.

But it is insisted by plaintiff's counsel that the irregularity in entering the judgment does not affect any substantial right

of the defendant, and should therefore be disregarded, under section 2829, R. S. We cannot under the circumstances assume that the defendant was not prejudiced by the irregularity. He certainly was deprived of the opportunity of being present before the referee, and of a hearing upon the question as to the order in which the mortgaged property should be sold, and whether in parcels or not. This might involve very important rights. But again it is said that, within the doctrine laid down in *Bonnell v. Gray*, 36 Wis., 574, the judgment cannot be disturbed on account of the irregularity. In *Bonnell v. Gray* the application to set aside the judgment was made at a subsequent term; here the order to show cause why the judgment should not be set aside was promptly obtained and served. We think the case does not fairly come within the principle decided in *Bonnell v. Gray*. The cases, in their facts, are quite dissimilar, and we are therefore not disposed to apply that decision here.

It follows, from these views, that the order of the circuit court refusing to set aside the foreclosure judgment must be reversed, and the cause remanded for further proceedings according to law.

*By the Court.*— So ordered.