Freedman, J.
The action was commenced by the filing of a summons and complaint and notice of pendency of action on October 27, 1884, for the purpose of partitioning the real estate described in the complaint. In due course of proceedings an interlocutory decree of partition and sale was entered and a sale had by and under the direction of a referee appointed by the court for that purpose. Among other parcels exposed for sale were thirty lots in the block bounded by 149th and 150th streets and Tenth avenue and the Boulevard in the city of New York as numbered and shown on a certain dia *470 gram set forth in the catalogue of sale. At the sale which took place June 11,1885, the lots numbered Nos. 15, 16, 17, 18 and 19 on said diagram were duly struck off to Joseph McGuire, he being the highest bidder for the same, and he signed the terms of sale and paid ten per cent, of the purchase price to the referee. All the bids, including that of McGuire, were reported by the referee to the court, and they were all confirmed as to adequacy and fairness, and the referee’s report was likewise duly confirmed and judgment entered thereupon in the usual form. Subsequently McGuire refused to accept the referee’s deed and to pay the balance of the price.
The present motion is made by the plaintiff and the referee to compel McGuire to complete his purchase. McGuire on the other hand, asks to be relieved of his purchase.
The main objection on the part of McGuire to the taking of the title is, in substance, that the title comes through on action brought in the Supreme Court in 1852, by Hickson W. Field against John M. Bradhurst and others for the specific performance of a contract of sale, in which action judgment was entered June 12, 1852, that one of the defendants in said action, Elizabeth B. Field, who was then an infant under fourteen years of age, had an interest in the five lots in question; that there is no due proof of the service of the summons in said action on said infant in the judgment roll of the case and that for that reason her interest has not been divested by the judgment; and that at the present time she is still alive, married, and has three children.
It is true that the said judgment roll contains no affidavit of service upon said infant. Among the. papers contained therein there is, however, an affidavit made by Hickson W. Field, Jr., the father of the infant, setting forth that the summons was personally served upon the infant, and praying for the appointment of a guardian ad litem to appear for her and protect her rights in the action. It further appears that thereupon John E. *471 Develin, Esq., was appointed guardian ad litem, and that, as such, he appeared by an attorney and interposed an answer praying that the plaintiff be compelled to make proof of the facts alleged in the complaint, and submitted the infant’s rights in the action to the court, that a referee was appointed to take such proof and to report thereon; that before proceeding in the matter the referee issued a summons to the attorney of the adult defendants and the attorney of the guardian ad litem of the said infant defendant to attend upon the reference which was duly served upon the said parties ; that the referee then did take such proof and reported thereon that all the allegations of the complaint were true and that the plaintiff should have a certain judgment; that the said report was duly confirmed and that judgment was entered in accordance therewith.
By that judgment it was, among other things ordered and adjudged, that John M. Bradhurst and Elizabeth, his wife, and Hickson W. Field, Jr., and Mary Elizabeth, his wife, and the said Elizabeth Bradhurst Field, by her guardian ad litem, John E. Develin, do forthwith execute and deliver to Hickson W. Field a deed conveying to the said Hickson W. Field in fee simple the premises in the complaint mentioned; and that the deed so to ben executed shall convey to and vest ,in the said Hickson W. Field, his heirs and assigns forever, an indefeasible estate in fee simple absolute in and to the whole of the premises, free, clear and discharged of and from all claims, right, title, estate or interest of the said infant defendant Elizabeth Bradhurst Field, and of any person claiming or to claim by, from or under her, and of any after-born children of the said Hickson W. Field, Jr., and Mary Elizabeth, his wife, and of the said John M. Bradhurst and Elizabeth, his wife, and of the heirs of the said John M. Bradhurst, forever. And it was further ordered and adjudged “ that Hickson W. Field, Jr., be and he is hereby appointed guardian for his daughter, the said infant defendant Elizabeth Bradhurst Field, on *472 his filing security with the clerk of this court, to be approved by one of the justices of this court, in the amount of three thousand dollars, and that upon the filing of such security he shall receive the said sum of one thousand and sixty-nine ^ dollars, awarded to the said infant, and invest the same on bond and mortgage on real estate or in stocks of this state or of the United States for her advantage, and for that of any after-born children of the said Hickson W. Field, Jr., and Mary Elizabeth, his wife, who shall be entitled to the same in equal proportion, share and share alike.
Thirty-three years have now elapsed since the entry of that judgment and all parties in interest have acquiesced in it, inclusive of the infant defendant therein mentioned who has since that entry married and now has three children.
It is upon these facts that it remains to be considered how far Joseph McGuire, as a purchaser, may attack the validity of said judgment in so far as it affects the interest of the infant defendant therein named. That he is entitled to have a good title in fee simple, admits of no dispute.
At the time of the commencement of the action in „the supreme court and the entry of the judgment therein, the provisions of the Code then in force required that in an action against a minor under the age of fourteen years, the summons should be served by delivering a copy thereof to such minor personally and also to his father, mother or guardian (§ 134). And such service had to precede the appointment of a guardian ad litem (Ontario Bank v. Strong, 2 Paige 301), and had to be affirmatively shown on the application for the appointment of such guardian. Grant v. Van Schoonhoven, 9 Paige 255.
On the other hand, the Code, in prescribing how a judgment should be entered in the judgment book, provided as follows: “ § 281. Unless the party, or his attorney, shall furnish a judgment roll, the clerk, immediately *473 after entering the judgment, shall attach together and file the following papers, which shall constitute the judgment roll. (1.) In case the complaint be not answered' by any defendant, the summons and complaint, or copies thereof, proof of service, and that no answer has been received, the report, if any, and a copy of the judgment. (2) In all other cases the summons, pleadings or copies thereof, and a copy of the judgment, with any verdict or report, the offer of the defendant, exceptions, case, and all orders and papers in any way involving the merits and necessarily affecting the judgment.”
Thus it was only in case the complaint was not answered by any defendant, that proof of service of summons upon that defendant had to appear in the rolls, and even this had an exception, for service of the summons was not necessary when a defendant appeared voluntarily in the action (§ 139).
This construction of § 281 has been fully established by the decision of the court of appeals in Bosworth v. Vandewalker, 53 N. Y. 597. In the case last referred to. it was further, upon authorities cited, distinctly held that the intendment of law always is that a superior court of general powers had jurisdiction, until the contrary appears; that this intendment applies both to the jurisdiction of the subject matter and the jurisdiction of the person of the defendant; that the record of a judgment of such a court is prima facie evidence, and will be held conclusive until clearly and explicitly disproved; that the recitals in the judgment may be used to establish jurisdiction prima facie ; and that the infancy of the defendant makes no difference. This decision completely disposes of the objection of Joseph McGuire which has been so far considered. Not only did he fail to adduce any proof that the summons had not been served as required by law, but the record contains some affirmative proof of service upon the infant and proof of the appearance of her father in consequence thereof upon an application for the appointment of a guardian ad litem. In *474 addition the record shows, as already stated, the appointment as such guardian of a person other than the father, the interposition of an answer by such guardian and a determination of the infant’s rights under said answer.
Under these circumstances, the cases cited by the learned counsel of Joseph McGuire in which it affirmatively appeared that there had been no service as required by law, have no applicability.
Nor is there any force in the argument that because Hickson W. Field, Jr., sustained the relation of general guardian to the infant, he could not subsequently, either directly or indirectly, derive any benefit from or through the judgment. However sound that argument might be, if he had been the guardian ad litem,, it is entitled to no weight under the peculiar circumstances of this case, from which, in addition to what has already been said, it appears that the estate granted to Hickson W. Field, Jr., and wife, and their issue, by John M. Bradhurst and wife, was expressly made subject to the covenants of the lease to Hickson W. Field, Sr., and that under said lease Hickson W. Field, Sr., had an unqualified right to terminate the lease and purchase the property.
The remaining objections are so clearly untenable as not to require special notice.
The motion to compel Joseph McGuire to complete his purchase must be granted with $10 costs.