REINIG, Respondent, vs. HARTMAN and another, Executors, etc., Appellants.

*March 24 — June 1, 1887.*

APPEAL, *error cured: Estates, settlement of: Executors and administrators, judgments against.*

1. If a judgment for costs is erroneously entered against executors personally, and such costs are remitted before an appeal is perfected, the error is cured, and is not ground for reversal.
2. The amount of a judgment obtained against executors for a deficiency, after a sale of mortgaged premises on a judgment in an

action of foreclosure which was pending at the death of the mortgagor, is, under sec. 3846, R. S., to be paid as other claims duly allowed against the estate, and stands upon the same footing as any other judgment recovered in an action then pending, and is not a superior lien upon such estate.

APPEAL from the Circuit Court for *Fond du Lac* County.

In an action to foreclose a mortgage, pending at the death of the mortgagor, the plaintiff afterward obtained judgment and sold the mortgaged premises, and there being a deficiency, judgment was entered therefor against the executors of the deceased, as modified on appeal, and the same was declared to be a lien upon all of her real estate. Her executors having sold such real estate under a power in the will, and not having paid such judgment, the plaintiff brought this action to enforce it, and obtained judgment setting aside the conveyance by the executors and their grantees, declaring the former judgment to be a lien upon such real estate, and charging the executors personally with costs. From this judgment, and an order subsequently entered denying the defendant's motion to modify the judgment so that it should be paid in common with other debts of the estate and that the estate should pay the costs, the executors appeal. Before the appeal was perfected the costs were duly remitted of record.

*D. W. C. Priest,* for the appellants.

For the respondent there was a brief by *E. S. Bragg,* and oral argument by *C. N. Gregory.*

They contended that by diligence in searching out and defeating the fraudulent acts of the executors, the plaintiff had become entitled in equity to a priority of lien, citing *Corning v. White,* 2 Paige Ch. 567; *Thomas v. Jenks,* 1 Am. Lead. Cas. 85.

COLE, C. J. There can be no doubt but the court below was right in ordering the deeds and mortgage mentioned in

the complaint to be canceled of record. These conveyances were all made during the pendency of the foreclosure action, and before final judgment for deficiency. The mortgage had been given by Edward Hecht, on the execution of the conveyance by the executors to him, to secure the consideration money. Edward subsequently conveyed the property to Whittaker, who paid nothing for it, and who soon deeded it back to his grantor to avoid trouble. The proof is perfectly conclusive of the fact, and the court so finds, that all these pretended conveyances were without consideration, and were made for the purpose of hindering and delaying the plaintiff in the collection of his debt, and that all parties to them participated in that fraudulent purpose and intent. Therefore it was perfectly proper to cancel the deeds and mortgage upon the record. They constituted a cloud upon the title, and were calculated to embarrass the plaintiff in the collection of his debt against the estate of Rosina Hecht.

The objection to the judgment that it awards costs personally against the executors cannot prevail, because it appears that, before the appeal was perfected, these costs were duly remitted of record. If there was any error in awarding them against the executors personally, in the first instance, the error was cured before the appeal was taken. The costs should have been included in the judgment, and paid out of the estate of Rosina Hecht.

In this case the mortgagor, Rosina Hecht, died during the pendency of the foreclosure action. The action was revived, and prosecuted to judgment, against the executors of her estate. The modified judgment for the deficiency, reported due after a sale of the mortgaged property, was rendered in November, 1883. This judgment was certified to the county court to be paid, with other claims, out of the estate, in conformity to the intimation in 58 Wis. 212. See, also, sec. 3846, R. S., which prescribes how judgments in

actions, pending against the deceased at the time of death, shall be paid.

This action was commenced in January, 1884; its main object being to cancel and remove the fraudulent conveyances above referred to. The complaint, as a part of the relief asked, prayed that this claim of the plaintiff, with interest, be declared a charge upon the land in question, in common with all the debts of the estate of Rosina Hecht remaining unpaid, to be enforced in the county court according to the statute and rules of practice of that court relating to the payment of debts, and the settlement of the estates of deceased persons. The judgment, among other things, orders and adjudges that the title of this real estate be, and the same is, unaffected by the conveyances ordered to be canceled; and declares that the title to such real estate remain in and be the property of the estate of Rosina Hecht, and subject to the payment of debts against her estate; "but that the plaintiff, by this suit and proceeding, has acquired and has a special lien and charge thereon for the payment of" his debt with interest. The legal effect of this clause would seem to be, doubtless was intended, to make the plaintiff's judgment for deficiency a superior and paramount lien upon the real estate over other claims. But we know of no authority under our statute for giving it such priority. Sec. 3846 clearly provides that the judgment "shall be paid in the same manner as other claims duly allowed against the estate, except as provided in the preceding section." The exception in the preceding section does not include this judgment for deficiency. That section mainly relates to a lien, or right of lien, upon real or personal property, existing at the time of the death of the decedent. This judgment stands upon the same footing as any other judgment recovered in an action pending against the decedent at the time of his death. It is plain that the statute intends it shall be paid with other allowed claims.

The county court, which has plenary jurisdiction of the settlement of estates, has ample power to enforce its payment. Of course, the real estate in question is assets in the hands of the executors for its payment, with other claims, if there are any, and the property should be so applied. But it is not entitled to preference as a judgment docketed against the decedent would be. As the judgment now stands, it has such preference, and might operate to the prejudice of other creditors. The judgment should be certified to the county court, whose duty it is, on application, to grant a license for the sale of the real estate to pay this with other allowed claims.

*By the Court.*— The judgment must be reversed and the cause remanded with directions for the circuit court to enter a judgment in conformity to this opinion.

A motion for a rehearing was denied June 1, 1887.