In re Assignment of Ellis.

### In re Assignment of Ellis.

*September 8 — September 28, 1897.*

*Voluntary assignment: Fraudulent preferences: Costs.*

1. Where a stockholder of a corporation made an assignment to it of substantially all of his property, in consideration of the written agreement of such corporation to pay certain *bona fide* debts of

the assignor, he intending thereby to prefer the creditors named, and a little more than a year afterward he made an assignment to one R. for the benefit of creditors, in accordance with the statute, and in his list of creditors included all or nearly all those named in the previous assignment, *held*, that the mere fact that the assignor was insolvent when he made the assignment to the corporation would not invalidate it or the preferences therein, since the one made to R. was not made until more than sixty days afterward, and the creditor objecting to his discharge could have proceeded against the property if that transfer was fraudulent or void.

2. An error in rendering a judgment for costs is cured by discharging and releasing such judgment before the record on appeal was returned to the supreme court.

APPEAL from a judgment of the circuit court for Eau Claire county: W. F. BAILEY, Circuit Judge. *Affirmed.*

The case is stated in the opinion.

For the appellant there was a brief by *Doolittle & Shoemaker*, and oral argument by *L. A. Doolittle.* They argued that the conveyance to the corporation was in effect a voluntary assignment, and was void for non-compliance with the statute and because of preferences. *Cribb v. Hibbard, S., B. & Co.* 77 Wis. 208; *Ingram v. Osborn,* 70 id. 184; *Strong v. Kalk,* 91 id. 29; *Jameson v. Maxcy,* id. 563; *Hill v. Mallory,* 70 N. W. Rep. 1016. To entitle the assignor to his discharge he must show good faith in the assignment (*In re Rankin,* 85 Wis. 15, 22); and establish the truth of the verification to his petition (*Van Ingen v. Feldt,* 86 Wis. 345; *Matter of Watson,* 2 E. D. Smith, 429; *Matter of Brady,* 53 How. Pr. 128, 145; affirmed, 69 N. Y. 215; *Matter of Brown,* 39 Hun, 27).

For the respondent the cause was submitted on the brief of *J. F. Ellis, pro. per.,* and *W. H. Frawley,* of counsel.

PINNEY, J. This is an appeal from a judgment discharging the petitioner, *Ellis,* who had made a voluntary assignment to one Ritsch, as assignee for the benefit of his creditors,

from his debts, under secs. 1702*d*–1702*g*, S. & B. Ann. Stats. *John Foley*, one of the creditors of the assignor, made answer to his application and objections to his discharge. After the trial of the issues the circuit court gave judgment discharging the petitioner from his debts, and that he recover costs against said *Foley* in the sum of $28.60. *Foley* appealed from such judgment, and assigned as error (1) that the evidence was not sufficient to justify the judgment of discharge, and (2) that it was error to grant said assignor costs against the appellant, *Foley*. Before return made to this court, the respondent, *Ellis*, remitted and discharged the said judgment for costs after the amount had been reduced and settled on retaxation.

Prior to September 1, 1893, the assignor, *Ellis*, who was a lawyer, was a stockholder in the Southwestern Land Company, a Wisconsin corporation, having a capital stock of $55,000, and he was its president, owning about two thirds ·of its stock. The property of the corporation consisted of farming lands in various counties of the state, besides a considerable amount of personal property, consisting of live stock, farming implements, and $2,000 worth of tax certifi-·cates, etc. About September 1, 1893, *Ellis* made a written assignment to said corporation of all his interest therein, and of all his individual property that was not exempt, except a colt of the value of $25, in consideration of the said land company assuming, paying, and discharging certain obligations which said *Ellis* had agreed to pay, a list of which he had before then furnished to said company. He testified that by this instrument he conveyed to that company everything he had. The company was to pay certain debts, amounting to about $30,000. There were debts to the amount of .about $2,000 not included or provided for. In a little over a year after this assignment, *Ellis* executed a voluntary assignment for the benefit of his creditors, under the statute, to one Ritsch, including in his list of creditors therein all, or

nearly all, of those creditors provided for by the assignment to the Southwestern Land Company. He was asked if it was not a part of his plan in making said transfer that parties who made claims against him which he considered he did not honestly owe should not be paid if they were successful in their recovery against him, and he answered, "No, sir; my whole plan was to pay certain obligations enumerated; that was the sum of my plan,— my complete plan;" that the schedule of debts that the land company was to pay included all he honestly owed at the time. It appeared that judgments were rendered against him for other claims. He testified that he did not consider himself insolvent at the time of the assignment to the Southwestern Land Company. It was found that the respondent was an insolvent debtor, and had made in good faith a voluntary assignment of all his property for the benefit of his creditors, and had in all respects complied with the laws of this state in respect thereto, and with chapter 385 of the Laws of 1889, and chapter 83 of the Laws of 1891; that the allegations of his application to be discharged were true; and that the appellant, *Foley*, wholly failed to establish any valid objection to said application,— whereupon judgment was rendered as already stated.

It is not claimed that the assignment executed by *Ellis*, under the statute, for the benefit of his creditors, was not in due and proper form, and executed according to law. The transfer to the Southwestern Land Company was intended and operated as a preference to those creditors thereby provided for. The mere fact that he was insolvent at the time would not invalidate it, for the assignment to Ritsch for the benefit of his creditors was not made within sixty days thereafter, and not until about a year after making the transfer to the Southwestern Land Company. It was only necessary for *Ellis* to refrain from making the assignment for the benefit of his creditors during such sixty days, in order to preserve,

under the statute, the preferences created by the assignment to the land company. S. & B. Ann. Stats. sec. 1693*a;* *Cribb v. Hibbard, S., B. & Co.* 77 Wis. 203. There is no pretense that the assignment to the land company was not made to pay *bona fide* debts. The appellant, *Foley,* had a complete remedy to proceed against the property so transferred to the land company for the benefit of the creditors of *Ellis,* under secs. 1693*b* and 1702*a,* S. & B. Ann. Stats., if such transfer was fraudulent or void. The assignee, Ritsch, would represent the rights of the creditors of *Ellis* for that purpose, as pointed out in *Valley Lumber Co. v. Hogan,* 85 Wis. 366; *Garden City B. & T. Co. v. Geilfuss,* 86 Wis. 619. All property and property rights of *Ellis* which had not theretofore been legally and properly passed to the Southwestern Land Company passed to Ritsch, his assignee, under the voluntary assignment for the benefit of his creditors, and he had the most ample power to pursue and so apply it. The evidence before the circuit court was clearly sufficient to sustain the findings that *Ellis* made his voluntary assignment in good faith, and that he had in all respects complied with the laws of the state in regard to voluntary assignments, and with chapter 385, Laws of 1889, as amended. The court having found that the allegations of *Ellis,* the debtor, in this behalf were true, and that the appellant had failed to establish or sustain any valid objection to his application to be discharged from his debts, judgment was rightfully given as stated. We do not see any grounds for disturbing these findings. The burden of overthrowing them was on the appellant. It follows that the judgment discharging the petitioner, *Ellis,* was properly given, and must be affirmed.

The respondent, *Ellis,* not desiring to contend for the trifling sum of costs awarded to him by the judgment, almost immediately before the return of the record to this court discharged and released said judgment. The judgment as

to costs was clearly erroneous (*Wis. Cent. Co. v. Kneale*, 79 Wis. 89), but, under the circumstances, we consider that the error in granting costs was cured in proper time, and that the appellant has now no right to complain that the respondent, *Ellis*, released and abandoned all claim for costs under the judgment.

*By the Court.*— The judgment of the circuit court for Eau Claire county, appealed from, is affirmed.