Hogan, Respondent, vs. City of La Crosse and another, Appellants.

*September 9 — September 26, 1899.*

*Appeal: Dismissal: Correction of error below.*

Where the entire error upon which an appeal is based was corrected, or the appellants' entire ground of complaint removed, by the action either of the adverse party or of the trial court, before the appeal was perfected,— in this case by the filing of the respondent's consent that the judgment in his favor should be vacated and judgment be entered dismissing his complaint or affirming the validity of the special assessment attacked therein, with costs,— the appeal should be dismissed upon the fact being made to appear.

Appeal from a judgment of the circuit court for La Crosse county: O. B. Wyman, Circuit Judge. *Appeal dismissed.*

This was a suit in equity to cancel and enjoin enforcement of special assessment certificates for the building of sewers in the city of *La Crosse*, under the same proceeding which was involved in the recent case of *State ex rel. Schintgen v. La Crosse*, 101 Wis. 208. Judgment was rendered in accordance with the prayer of the complaint, holding the

special assessments void.   After. the decision in the *Schint-gen Case*, and before any appeal from the judgment had been perfected, the plaintiff and respondent served upon the defendants' attorneys, and filed with the clerk of the court, a consent that that judgment be vacated and set aside, and that judgment be entered dismissing the complaint or affirming and holding valid the proceedings set forth in the complaint and the tax and special assessments based thereon, with costs in the usual manner.   Notwithstanding this tender or consent, the defendants perfected their appeal to this court.   A motion is now made to dismiss, on the ground that no controversy exists.

For the appellants there was a brief by *Ray S. Reid, Martin Bergh*, and *W. F. Wolfe*, city attorney, and oral argument by *Mr. Reid*.

For the respondent there was a brief by *Higbee & Bunge* and *McConnell & Schweizer*, and oral argument by *E. C. Higbee*.

Dodge, J.   It is a fundamental principle at the foundation of our judiciary system that courts sit only to decide actual controversies, and not to answer moot questions of law or fact, nor to declare abstract principles or rules of law not applicable to issues or controversies actually before them. 2 Ency. of Pl. & Pr. 342 *et seq.; Little v. Bowers*, 134 U. S. 547; *Washington Market Co. v. District of Columbia*, 137 U. S. 62; *Singer Mfg. Co. v. Wright*, 141 U. S. 696; *California v. S. P. & T. R. Co.* 149 U. S. 308; *Mills v. Green*, 159 U. S. 651; *Plainfield v. Plainfield*, 67 Wis. 525.   No less thoroughly established is it that the appellate jurisdiction of this court cannot be successfully invoked unless rights of the appellant are substantially prejudiced by the act appealed from.   *Benson v. Waukesha*, 74 Wis. 31; *White v. Sherry*, 37 Wis. 225; *McGregor v. Pearson*, 51 Wis. 122.

Further, it has often been held in Wisconsin that an error

in the court below will receive no attention on appeal where it has been corrected by the voluntary act of the favored party before the appeal was perfected. *Duffy v. Hickey,* 68 Wis. 380; *Reinig v. Hartman,* 69 Wis. 28; *Littlejohn v. Turner,* 73 Wis. 113; *German M. F. F. Ins. Co. v. Decker,* 74 Wis. 556.

The question of practice whether, if the entire error upon which the appeal is based has been corrected, the appeal should be dismissed, or the act of the court below be affirmed, seems not to have been expressly passed on in Wisconsin, for the reason probably that in all cases where such a correction has been presented other issues were also brought up by the appeal. The practice of dismissal, where the entire controversy has been disposed of by the elimination of the error below, is, however, approved repeatedly by the supreme court of the United States, and was the practice followed in all of the cases cited from that court. We see no reason why that practice should not be pursued. A party whose entire ground of complaint has been removed by action of either the adverse party or the court below has no justification for appealing to this court, and, if he does so, should be at once dismissed, upon the fact being made fully to appear. That is shown here. The consent of the plaintiff on file in the circuit court for La Crosse county would have accorded to the defendant all the relief which could result from the filing of a *remittitur* from this court reversing the judgment below and ordering dismissal of the complaint, and, upon the dismissal of this appeal, that relief is still at its disposal.

*By the Court.*— Appeal dismissed.