HILES, Respondent, vs. BROOKS and others, Appellants.

*December 16, 1899 — January 9, 1900.*

*Remission of part of judgment after appeal: Mortgages: Foreclosure for instalments: Judgment: Practice: Material error.*

1. Where a judgment of foreclosure is entered, containing an erroneous adjudication as to interest, the service and filing of a remission of all claim to interest in excess of that allowed by law *ipso facto* modifies the judgment as to the rate of interest, and no reversal is necessary.

2. On foreclosure of a mortgage for instalments or interest before the whole mortgage debt is due, the provisions of secs. 3158–3160, Stats. 1898, require a judicial determination as to the situation of the premises with reference to their sale in parcels or as a whole, and the omission of such adjudication from the judgment is a material error.

APPEAL from a judgment of the circuit court for Clark county: JAMES O'NEILL, Circuit Judge. *Affirmed in part; reversed in part.*

Defendants appeal from a default judgment of foreclosure of a mortgage.   The complaint alleged a mortgage securing $5,500 principal, of which $1,000, together with about $500 of interest, was due, and of which the rest was to come due at yearly intervals extending to April, 1905.   The judgment is upon one of the usual printed forms.   It appears that no

order of reference was made to ascertain with reference to the divisibility of the property, but the judgment recites generally that the plaintiff presented his proofs in open court, from which it appeared that all the material allegations of the complaint were true, and, by reason of omission to correct that form, provided for ten per cent. interest throughout. It also, according to the stereotyped form, provided "that the mortgaged premises described in the complaint, or so much thereof as may be sufficient to discharge the amount due and insalments which shall hereafter grow due before sale, and which may be sold separately without material injury to the parties interested, be sold at public auction," etc. Otherwise, there was no adjudication as to the divisibility of the premises for purposes of sale, or as to the parcels into which they might be divided. No reference to ascertain that fact was made. Upon the next day after the notice of appeal was served, the plaintiff served and filed a remission of all claim to interest in excess of six per cent. per annum subsequent to said judgment, and declared the judgment modified accordingly.

For the appellants the cause was submitted on the brief of *MacBride & MacBride.*

For the respondent there was a brief signed by *Williams & Conway,* attorneys, by *Geo. L. Williams,* and oral argument by *Geo. L. Williams.*

Dodge, J. 1. Appellants assign error upon allowance of ten per cent. interest after judgment, which error, confessed, is claimed to have been cured by the *remittitur* filed. The efficacy of the remission of any excessive recovery, *before* an appeal has been perfected, to justify affirmance or dismissal, has frequently been declared and recognized by this court. *Duffy v. Hickey,* 68 Wis. 380; *Reinig v. Hartman,* 69 Wis. 28; *Littlejohn v. Turner,* 73 Wis. 119; *Hogan v. La Crosse,* 104 Wis. 106. In *German M. F. F. Ins. Co. v. Decker,* 74

Hiles vs. Brooks and others.

Wis. 556, the consent to remit and the motion for modification of the judgment were made after an appeal had been taken. The court in that case did not recognize this as a distinction, but said that no order modifying the judgment was necessary; that a party who has recovered judgment against another may at any time remit any portion thereof; that the plaintiff could have remitted the excess of interest by his own act, and no order modifying the judgment was necessary. In *In re Ellis*, 97 Wis. 88, 93, the remission was filed after the appeal was perfected, but before the record had been transmitted, and was held effective to correct the judgment and justify affirmance. The only possible distinction which exists after the service of appeal papers is that the appellant may have acquired some right to costs, but, certainly, before he had incurred the labor and expenses attendant upon the forwarding of the record to this court, those costs must be too inconsiderable to justify him to proceeding with litigation after all the rights claimed have been recognized and accorded him. It would not be for the public good to thus promote litigation, and prevent its termination by the recognition of all rights claimed, upon so trifling consideration as the inchoate right to costs acquired by serving notice of appeal. By the *remittitur* the judgment in this case has *ipso facto* become modified as to the rate of interest, and needs no reversal; and, if the error in the awarding of interest were the only one here presented, we should be inclined to dismiss the appeal, as we did in *Hogan v. La Crosse*, *supra*.

2. The judgment, however, fails to comply with sec. 3158, Stats. 1898, which provides that, in case of foreclosure for an instalment where parts of the mortgage are not yet due, the court " shall direct a reference to some proper person to ascertain and report the situation of the mortgaged premises and whether they can be sold in parcels without injury to the interests of the parties; and if it shall appear that they

can be so sold the judgment shall direct a sale in parcels, specifying them, or so much thereof as will be sufficient to pay the amount due for principal, interest and costs." Sec. 3159 provides for orders authorizing sale of additional parcels upon ensuing defaults; and sec. 3160 provides that, if sale in parcels is not feasible, the court may adjudge sale of the whole, and direct as to application of the surplus proceeds. These statutes clearly contemplate and require, in case of foreclosure of a mortgage when only a part is due, that there shall be an *adjudication* whether or not the premises can be separated so that only enough thereof need be sold to satisfy the portion of the mortgage which is due, and, if so, that the court shall adjudicate how that division shall be made. In reaching such conclusion many things are to be taken into account: the situation of the premises, the possible impairment of their value by separation, the comparative value of the various parcels into which they may be separated, as well as any homestead rights that may exist in them. A judicial decision upon these important questions is essential to a compliance with the statute, and its omission may most seriously impair the rights of the mortgagor, who in defaulting has a right under the statute to expect due consideration by the court. *Babcock v. Perry,* 8 Wis. 277; *Brockway v. Newton,* 49 Wis. 406, 409; *Ontario Bank v. Strong,* 2 Paige, 301. In Indiana, where the statute on this subject is like our own, the necessity of judicial determination, and reversibility in case of its omission, have been repeatedly decided. *Cubberly v. Wine,* 13 Ind. 353; *Wainscott v. Silvers,* 13 Ind. 497, 501; *Brugh v. Darst,* 16 Ind. 79; *Frame v. Bell,* 16 Ind. 229; *Knarr v. Conaway,* 42 Ind. 260, 266; *Griffin v. Reis,* 68 Ind. 9, 14.

The phraseology of the judgment before us is ambiguous. It may be read as declaring that enough of the premises to satisfy the amount due can be sold separately, or as leaving that fact to be ascertained by the sheriff. If the former

·construction, which is contended for by respondent, be con-
·ceded, still the command of the statute that the parcels be
specified is disobeyed.    The judgment in such cases should
declare a judicial decision, either that the mortgaged prem-
ises cannot be sold in parcels without injury, etc., or that
they can; and, if the latter conclusion is reached, it should
describe the parcels, and the order of their sale. *Brugh v.
Darst, supra; Knarr v. Conaway, supra.*    A form of adju-
dication on this subject given in 3 Barb. Ch. Prac. 740,
illustrates the purpose of our statutes.    The judgment must
be reversed as to that portion ordering sale of the premises,
and the cause remanded with directions to take evidence,
either by a reference or before the court, and therefrom to
adjudge as to manner of sale, in compliance with secs. 3158,
3159, or sec. 3160, Stats. 1898, and to modify the existing
judgment by incorporating therein such adjudication.

*By the Court.*— That portion of the judgment ordering
and directing sale of the mortgaged premises is reversed;
otherwise, the judgment is affirmed. The cause is remanded
to the circuit court for further proceedings in accordance
with law and this opinion.