ARNOLD, Respondent, vs. PIKE, imp., Appellant.

*October 7—October 28, 1913.*

*Appeal: Separate appeals by different defendants: Reversal: Mandate construed: Satisfaction of judgment after appeal: Right to dismissal.*

1. Upon an appeal by I. from a judgment against him and P. for a certain sum and against P. for a further and separate sum, the mandate of the supreme court whereby the judgment was reversed and the cause remanded with directions to render

judgment for appellant meant that the judgment was reversed
as to I. but was permitted to stand as to P., at least as to the
separate recovery against P. [Whether if there had been no
separate recovery against P. the reversal on I.'s appeal would
have operated upon the judgment in its entirety, not decided.]

2. After such reversal on I.'s appeal, P. had a right, under our
statutes and practice, to appeal from that part of the judgment
against him separately.

3. Satisfaction of a judgment by the respondent about a year after
an appeal therefrom was perfected did not entitle the respond-
ent to a dismissal of the appeal.

APPEAL from a judgment of the circuit court for Eau
Claire county: E. W. HELMS, Judge.   *Reversed.*

For the appellant the cause was submitted on the briefs of
*L. A. Doolittle.*

For the respondent there was a brief by *V. W. James* and
by *Fred Arnold* in person, and oral argument by *Mr. James.*

KERWIN, J.   This is an appeal by the defendant *Gran-
ville Ross Pike* from a judgment rendered against him and
Orrin H. Ingram.   An appeal was formerly taken by In-
gram (*Arnold v. Ingram,* 151 Wis. 438, 138 N. W. 111) and
the judgment reversed and the cause remanded with direc-
tions to render judgment for appellant.   The defendant
*Pike* did not join with Ingram in the former appeal.

The judgment in favor of the plaintiff was against the de-
fendants Ingram and *Pike* for $525 and costs and against
the defendant *Pike* for the further and separate sum of $600.
The decision of this court on the Ingram appeal, under the
rule of *stare decisis,* settles the right of both defendants to a
reversal of the judgment.

The question is presented whether there can be successive
appeals by different defendants from the same judgment.
Had the judgment in the instant case been against the defend-
ants jointly for a gross sum and no separate adjudication
against the appellant here, a question would be presented not

free from difficulty.   But here there was a separate adjudi-cation or award against the defendant *Pike* for $600 for which the defendant Ingram was not liable and in which he was not interested.   It would seem clear, therefore, that this part of the judgment against *Pike* alone was not reversed by the reversal on the appeal of Ingram.

It is contended by counsel for respondent that the appel-lant, *Pike,* is barred from prosecuting his appeal.   Reference is made to the old rule that separate appeals by different de-fendants could not be sustained, and that a writ of error must be brought in the names of all the parties, and therefore the appellant here is barred and estopped from prosecuting his appeal, citing *Doty v. Strong,* 1 Pin. 165.   It is insisted by counsel that, because this court ordered the "judgment" re-versed, the order operated upon the judgment in its entirety and not merely in so far as it affected the appellant, Ingram. Whether this contention should be sustained if there had been no separate award of damages against *Pike* we need not and do not decide, because we think under the judgment in the present case the defendant *Pike* had a right to appeal from the part of the judgment against him personally, under our statutes and practice.

Sec. 3039, Stats., provides a different limitation for de-fendants under different circumstances, which tends to show that one may appeal after the appeal is barred by lapse of time as to the other in the cases there mentioned.   This, by implication at least, authorizes successive appeals in some cases, also a reversal upon the belated appeal, leaving the judgment to stand as to that defendant whose time for ap-pealing had expired.   Sec. 3048 provides that the judgment or order may be reversed upon an appeal by any party ag-grieved.   Sec. 3049 provides that an appeal may embrace two or more appealable orders and may include or omit the judgment.   An appeal shall be deemed taken on service of notice of appeal and perfected by the service of undertaking

for costs. This would seem to abrogate the ancient practice of summons and severance. Sec. 3071 provides that upon appeal the court may reverse, affirm, or modify the judgment or order as to any or all of the parties.

The mandate on the Ingram appeal was merely that the judgment be reversed and the cause remanded with directions to render judgment for appellant. In view of the form of the judgment, this mandate clearly means, when interpreted in the light of the record and judgment below, that the judgment be reversed as to the appellant Ingram, then before the court, and letting it stand as to the present appellant, *Pike,* at least as to the separate recovery against *Pike.*

A motion was made by respondent to dismiss this appeal on the ground that the defendant *Pike* could not appeal, and also based on proof of satisfaction of the judgment against *Pike,* which satisfaction was entered and filed on the 29th day of September, 1913. We are of opinion that defendant *Pike* had a right to appeal and that satisfaction of the judgment after appeal had been taken, as shown by the record, was not sufficient to entitle respondent to dismissal. The motion of the respondent to dismiss the appeal must therefore be denied, and the appellant, *Pike,* is entitled to a reversal of that portion of the judgment which awards $600 damages against him.

Counsel for respondent cites to our attention *Hogan v. La Crosse,* 104 Wis. 106, 80 N. W. 105, and *Hiles v. Brooks,* 105 Wis. 256, 81 N. W. 422. In the case at bar *Pike* perfected his appeal October 30, 1912, and the judgment against him was not satisfied until September 29, 1913, about nine days before the hearing of the appeal in this court.

In *Hogan v. La Crosse, supra,* the error upon which the appeal was based was corrected, or the appellant's ground of complaint removed, before the appeal was perfected. In *Hiles v. Brooks, supra,* the appeal was from a default foreclosure judgment, and the judgment included some interest

which should not have been included, obviously by inadvertence in using a printed form of judgment which provided for interest at ten per cent. Upon the next day after the notice of appeal was served the plaintiff served and filed a remission of all claims to excessive interest and declared the judgment modified accordingly. It is said in the opinion that the only distinction which exists between that case and one where the remission was after appeal is that appellant may have acquired some right to costs. The judgment, however, was reversed upon another ground.

*By the Court.*—That part of the judgment of the court below awarding the plaintiff $600 damages against the appellant, *Pike,* is reversed with costs.